Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida 32514
850-484-0595
Plaintiff, In pro per

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHWEST DISTRICT OF FLORIDA

Ward Dean, M.D.                          )
                                         )
     Plaintiff                )
                                         )
v.                                       )
                                         )
United States of America                 )
                                         )
     Defendant.               )

3:01 cv 430 /LAC/ MD

## COMPLAINT FOR JUDICIAL REVIEW AND APPEAL OF ADVERSE COLLECTION DUE PROCESS DETERMINATION

COMES NOW the Plaintiff, Ward Dean, M.D., and for his complaint alleges and avers as follows.

## I.    JURISDICTION AND VENUE

1.  This is an action for judicial review of a determination by the Defendant from a collection due process hearing under the provisions of 26 U.S.C. § 6330.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1340.

2.  Venue is proper in this District Court as all acts complained of occurred within this district and all parties can be found herein.  The Tax Court does not have jurisdiction of this judicial review as the underlying tax liability *for this action* is not in dispute; and no deficiency procedures are otherwise implicated in determining liability.

## II.    WAIVER OF SOVEREIGN IMMUNITY

3.  Sovereign immunity is waived under 5 U.S.C. § 702 and 26 U.S.C. § 6330.

## III.    PARTIES

2001 NOV -8  PM 5: 38

FILED

4. The Plaintiff is a married man and can be found in Escambia County, Florida.

5. Defendant, United States, is a Municipal Corporation chartered in the District of Columbia and is doing business in the State of Florida as a foreign Corporation known as the United States. In doing the acts herein alleged, the Defendant acted by and through its agency the Internal Revenue Service (IRS) and its employees, officers, agents and servants and by and through the Secretary of Treasury and his delegates.

## IV. CAUSE OF ACTION

6. On or about July 1, 2000, the Plaintiff was sent via certified mail the Notice of Intent to Levy with the offer to request the collection due process hearing (Exhibit A). The Notice claimed that collection was due on a $500.00 frivolous return penalty alleged to have been assessed against the Plaintiff.

7. On or about July 6, 2000, the Plaintiff timely requested the hearing (Exhibit B).

8. The hearing was scheduled for August 29, 2001. At the scheduled hearing the Defendant presented the Plaintiff with no documents to verify that compliance with the requirements of any applicable law or administrative procedures had been met (Exhibit C).

9. Furthermore, the Defendant has the burden of proof, both as to moving forward with the evidence and ultimate persuasion "in any proceeding" with respect to the imposition of the $500.00 frivolous return penalty, and the Hearing Officer failed to present any evidence that the Plaintiff filed a frivolous return.

10. Notwithstanding the lack of evidence from the Hearing Officer that the requirements of the applicable law or administrative procedure had been met, or proving that the Plaintiff filed a frivolous return, the Hearing Officer issued or cause to be issued a Notice of Determination Concerning Collection Actions, wherein said determination concluded that: (1) "levy is necessary for the efficient collection of these penalties;" (2) "it is an appropriate action that the penalty is warranted;" and (3) "the taxpayer has not suggested any collection alternatives;" (4) "the Service has met all legal and procedural requirements;" and (5)the underlying liability is correct" (Exhibit D).

11. Furthermore, the finding that the proposed levy action balances the need for efficient collection of taxes with the Plaintiff's legitimate concern that any collection action be no more intrusive than necessary, is substantively lacking in any support whatsoever as no such analysis was ever conducted by the Defendant.

12. Said determination was arbitrary and capricious, was not supported by the evidence presented by the Defendants and is per se unreasonable.

**WHEREFORE** the Plaintiff respectfully requests that this Court:

A. Issue its Order requiring the Defendant to show cause why the determination should not be vacated; and,

B.  Find that the determination was arbitrary and capricious, was not supported by the evidence or is per se unreasonable and accordingly, vacate the October 10, 2001 determination; and,

C.  Award the Plaintiff costs and fees incurred for the prosecution of this action; and,

D.  Award such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of November, 2001.

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida  32514
850-484-0595
Plaintiff, In Pro Per

## **VERIFICATION**

I, Ward Dean, M.D., verify under penalty of perjury under the laws of the United States of America, that I am the Plaintiff herein, that I have read the foregoing Complaint, and that the same is true and correct; that, based upon knowledge, information, and belief, it is well-grounded in fact, is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose.

Dated _8 Nov 2001_                                 _[signature]_

                                                   Ward Dean, M.D.

Z 831 074 360

Date:
JULY 01, 2000

Taxpayer Identifying Number:
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   I 01

Contact Telephone Number:
TOLL FREE:  1-800-829-7650

BEST TIME TO CALL: 8:00AM TO 8:00PM
EXPECT ANSWER DELAYS: 4PM TO 6:30PM

WARD DEAN
8799 BURNING TREE RD
PENSACOLA FL   32514-5604992

Department of the Treasury
Internal Revenue Service
P.O. BOX 47-421
DORAVILLE, GA 30362

## Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing
## Please Respond Immediately

You have not paid your federal tax. We previously asked you to pay but we still haven't received full payment. This letter is your notice of our intent to levy under Internal Revenue Code Section (IRC) 6331 and your notice of a right to receive Appeals consideration under IRC 6330 PLEASE CALL US IMMEDIATELY at one of the telephone numbers shown above if you recently made a payment or can't pay the amount you owe.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien.

If you don't pay this amount, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property or rights to property such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income to collect the amount you owe. See the enclosed Publication 594, Understanding the Collection Process, for additional information about this and see Publication 1660 which explains your right to a hearing. The enclosed Form 12153 is used to request a hearing

To prevent enforced collection actions, please send us full payment today for the amount you owe shown on the back of this letter Make your check or money order payable to the United States Treasury. Write your social security number or employer identification number and the tax year on your payment. Send your payment in the enclosed envelope with a copy of this letter

*P.S. Lumie*

Chief, Automated Collection Branch

Enclosures
Copy of letter
Form 12153
Publication 594
Publication 1660
Envelope

*566602485103*

Letter 1058 (Rev. 01-1999)(LT-11)

## Account Summary

WARD DEAN                                     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

| Type of Tax | Period Ending | | Assessed Balance | | Statutory Additions | | Total |
|---|---|---|---|---|---|---|---|
| CIVPEN | 12-31-1997 | $ | 500.00 | $ | 13.21 | $ | 513.21 |

|  |  |  | Total Amount Due | $ | 513.21 |
|---|---|---|---|---|---|

| Type of Tax | Period Ending | Name of Return |
|---|---|---|

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s): _Ward Dean_

*(Print)* Address: _8799 Burning Tree Road_

Daytime Telephone Number: _850-484-0595_ Type of Tax/Tax Form Number(s): _1040_

Taxable Period(s): _12-31-1997_

Social Security Number/Employer Identification Number(s): _____

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [__] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ **Filed Notice of Federal Tax Lien  (Explain why you don't agree. Use extra sheets if necessary.)**


_X_ **Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)**

   _See attached letter_


I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Ward Dean 7 July 2000_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____   IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)        Catalog Number 26685D        **(Over)**        Department of the Treasury – Internal Revenue Service

**Ward Dean, M.D.**
**8799 Burning Tree Road**
**Pensacola, Florida  32514**
**(850) 484-0595 / 474-5255 / 477-8610 (Fax)**
drdean@powerh.net

6 July 2000

P.S. LaRue
Chief, Automated Collection Branch
Department of the Treasury
Internal Revenue Service
P.O. Box 47-421
Doraville, Georgia  30362

Dear Mr. LaRue,

Ref your Letter 1058 (Rev 01-1999) (LT-11), *Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing*, dated July 1, 2000.

Your letter stated that it is your intent to levy under IRC Section 6331, and notified me of my right to receive Appeals consideration under IRC Section 6330.  You stated that you may file a *Notice of Federal Tax Lien*.

I have attached Form 12153 to request an Appeals Hearing, in accordance with IRC Section 6330.  I am requesting a "Due Process Hearing" as outlined in Form 12153.  I challenge "the appropriateness of the collection action" as specified in Section 6330 (c)(2)(A)(ii), since the IRS denied all of my requests for the initial "examinations" and "interviews" as provided for in IRS Publications 1 and 5.

I do not believe any lien for taxes pursuant to Code Sections 6321 and 6322 is possible because as far as I know, no valid, underlying assessment was ever made.  I never received the statutory "Notice and Demand" for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331.  If the Appeals Officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I request that he also provide me with a T.D. or Treasury Regulation which identifies that specific document as being the official, statutory "Notice and Demand" for payment.

I am  "challenging the existence of the underlying tax liability" as I am authorized to do in Code Section 6330(c)(2)(B). I did not receive a valid Deficiency Notice in connection with the year at issue.  I request that the Appeals Officer have at the Due Process Hearing a copy of the "Summary Record of Assessment (Form 22C) together with the "pertinent parts of the assessment which sets forth (1) the name of the taxpayer, (2) the date of the assessment, (3) the character of the liability assessed, (4) the taxable period, and (5) the

amount assessed as provided for in Treasury Regulation 301.6203-1. In addition, I want to see proof that a purported Deficiency Notice was actually sent to me.

I also request that the Appeals Officer have the "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," in accordance with Section 6330 (c) (1). If the verification called for by 6330 (c) (1) is signed by someone other than the Secretary himself, then I request that the Appeals Officer have a Delegation Order from the Secretary delegating to that person the authority to prepare such a "verification."

Code Section 6331 requires certain elements before any appeals officer can recommend the seizure of any property. First, I must be statutorily "liable to pay" the tax in question. It is only after one "neglects or refuses to pay the same within 10 days after notice and demand," that his property can be subject to seizure. Therefore, in addition to the requirement that the Appeals Officer identify the statute that makes me "liable to pay" the tax in question, he needs to have a copy of the "notice and demand" which I allegedly "neglected" and "refused" to pay.

In addition, I don't believe I can be "liable" to pay an income tax if the tax has never been assessed against me as required by Code Sections 6201 and 6203. Consequently, I will need to see a copy of the record of my assessments. Since all assessments have to be based on filed returns, I will have to see a copy of the return upon which any claimed assessment is based, IAW Code Section 6201 (a) (1).

Please arrange for this hearing to be held in the IRS office in Pensacola, Florida.

Yours truly,


Ward Dean, M.D.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. SL Lawson
IRS
ACS
PO Box 47-421
Doraville, Georgia 30362

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                        ☐ Agent
                                         ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

RECEIVED
JUL 1 1 2000
IRS #5959

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7000 0600 0027 6007 1019

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952



August 29, 2001

IRS HEARING/CONFERENCE

Regarding:

Ward Dean, M.D.

Location:

1110 Montlimar Drive, Mobile, Alabama

LAUREN S. HUDGENS   (251) 990-3893
POST OFFICE BOX 1620   FAIRHOPE, ALABAMA   36533

2

1                          A P P E A R A N C E S

2

3

4        DANIEL L. SHIRAH
         Appeals Officer
5        801 Tom Martin Drive
         Birmingham, Alabama  35211
6

7        EDD EASTERLING, CPA
         Appeals Team Manager
8        801 Tom Martin Drive
         Birmingham, Alabama  35211
9

10       WARD DEAN, M.D.
         8799 Burning Tree Road
11       Pensacola, Florida  32514

12

         RICK WALLSTEAD
13       3814 North 9th Avenue
         Apartment E
14       Pensacola, Florida  32503

15

16

17

18       Lauren S. Hudgens
         Court Reporter
19

20

21

22

23

1    WHEREUPON, THE FOLLOWING PROCEEDING WAS HELD:

2

3            MR. WARD DEAN:  I think there's one thing

4                    we need to get straight right from the

5                    start, whether this is a meeting or a

6                    conference or a hearing.

7            MR. DAN SHIRAH:  If you'll let me get

8                    started, we need to cover some

9                    background.

10           MR. WARD DEAN:  Great.

11           MR. DAN SHIRAH:  We're not used to

12                    recording these conferences so I may

13                    be a little nervous, we may not do

14                    everything exactly the way it should

15                    be.  Normally, in an appeals

16                    conference it is an informal

17                    conference, we rarely have court

18                    reporters or witnesses in the

19                    conference.

20           MR. RICK WALLSTEAD:  It's to preserve the

21                    record.

22           MR. DAN SHIRAH:  Yeah, because it's an

23                    informal conference.  Today's date is

1                        August 29th, 2001, it's approximately

2                        2:05 p.m.  My name is Daniel L.

3                        Shirah, Employee Number 72-19320, I am

4                        an appeals officer with the Birmingham

5                        office of appeals, with me is appeals

6                        team manager, Edd Easterling.  Edd

7                        would you give your name and employee

8                        number, please?

9           MR. EDD EASTERLING:  My name is Edd

10                       Easterling, my employee number is

11                       72-19312.

12          MR. DAN SHIRAH:  This meeting is being held

13                       at the Mobile, Alabama IRS office,

14                       located in Room 300, 1110 Montlimar

15                       Drive, Mobile, Alabama.  This meeting

16                       is being recorded at the request of

17                       the taxpayer.  Additionally, the

18                       taxpayer has supplied a court reporter

19                       to record the hearing and her name is

20                       Lauren Hudgens.  Do we have your

21                       permission to discuss this matter in

22                       front of your witness?

23          MR. WARD DEAN:  Yes, certainly.

1          MR. DAN SHIRAH:  This is a meeting, it's
2                    part of a collection due process
3                    hearing, this is the conference
4                    portion.  The hearing itself includes
5                    the time that I prepare for, research,
6                    complete the process, and make a
7                    determination.  Would you please state
8                    your name and your address, please?
9          MR. WARD DEAN:  Ward Dean, Dean is the last
10                   name, address is 8799 Burning Tree
11                   Road, Pensacola, Florida 32514, and
12                   for the record, we didn't get your
13                   addresses, we did get mine but we
14                   didn't get yours.
15         MR. DAN SHIRAH:  It's fine.
16         MR. WARD DEAN:  What do you mean it's fine?
17         MR. DAN SHIRAH:  Well, I'm not gonna give
18                   you my personal address.  My address
19                   is 801 Tom Martin Drive, Birmingham,
20                   Alabama.
21         MR. WARD DEAN:  How about yours, Mr.
22                   Easterling?
23         MR. EDD EASTERLING:  Same address, 35211 is

1                      the zip.

2          MR. WARD DEAN:  You're saying I have to

3                      give my home address but you don't

4                      have to give yours?

5          MR. EDD EASTERLING:  That's correct.

6          MR. DAN SHIRAH:  Would you please give your

7                      name and address, please?

8          MR. RICK WALLSTEAD:  Yes, Rick Wallstead,

9                      3814 North 9th Avenue, Apartment E,

10                     Pensacola, Florida 32503.

11         MR. DAN SHIRAH:  Your capacity here,

12                     Mr. Wallstead, is that of a witness,

13                     you have no right as I understand,

14                     unless you're representing the

15                     taxpayer as a power of attorney you

16                     have no right to make any statements

17                     during the conference unless you can

18                     witness to specific facts that you

19                     know yourself and can speak from.

20         MR. RICK WALLSTEAD:  Unless Dr. Dean would

21                     like to give me a temporary power of

22                     attorney to speak during the hearing.

23         MR. DAN SHIRAH:  That's true, if you want

1          to give him a power of attorney you're

2          welcome to do so.

3      MR. WARD DEAN:  I think at this time I'll

4          speak for myself.

5      MR. DAN SHIRAH:  Before I proceed I must

6          advise you that this is an

7          administrative appeal, okay.

8          Administrative appeals procedures do

9          not extend to issues involving a

10          failure or refusal to comply with the

11          tax laws because of moral, religious,

12          political, constitutional,

13          conscientious, or similar grounds, so

14          we just cannot address any of those

15          type issues.  The appeals office is

16          independent from the compliance

17          function.  As an appeals officer I

18          analyze and consider information

19          received from both you and from

20          compliance and I make my decision

21          based on the facts and applicable law.

22      MR. RICK WALLSTEAD:  It's an arbitrary

23          thing.

```
 1              MR. DAN SHIRAH:  Please do not make any
 2                  side comments.
 3              MR. RICK WALLSTEAD:  Actually, I can speak
 4                  to Mr. Dean personally.
 5              MR. DAN SHIRAH:  No, sir, if you want to go
 6                  outside you can, but not during the
 7                  conference.  We're having a conference
 8                  here, if you're gonna disrupt the
 9                  conference I'll have to ask you to
10                  leave.
11              MR. WARD DEAN:  Rick, I'd like you to just
12                  listen, please.
13              MR. DAN SHIRAH:  This hearing is a result
14                  of Mr. Dean's filing of a Form 12153,
15                  request for a collection due process
16                  hearing.  The form is dated by the
17                  taxpayer on July 7th, 2000.  The
18                  envelope that we received in our file
19                  was not attached so we are not able to
20                  verify the postmark date as to when we
21                  received the letter.  The Form 12153
22                  was forwarded from the examination
23                  branch, Atlanta customer service
```

1   center on August 21st, 2000 to the

2   collections division, stop 74.  The

3   taxpayer indicated in a letter dated

4   August 18th, 2001 that he has copies

5   of PS Form 3883A, form delivery

6   receipt dated July 11th, 2000, which

7   confirms the receipt of the letter by

8   the IRS.  Do you have a copy of that,

9   would you present that for me?

10  MR. WARD DEAN:  I do.  In addition to the

11  PS 3811 form I also have the results

12  of the post office investigation,

13  which I initiated based on the

14  statement by I believe it was PS

15  LaRue, who said that I did not respond

16  to his previous notice.  I initiated

17  an investigation with the post office,

18  and the post office through their

19  internal documents confirmed that it

20  was received I believe on the 11th of

21  July, which was 10 days following the

22  IRS sending me the, what was the

23  document?

1        MR. DAN SHIRAH:  Form 12153?

2        MR. WARD DEAN:  No, that was the form I

3              sent in, they sent in the final notice

4              of intent to levy dated 1 July, which

5              I responded to according to those

6              documents.

7        MR. DAN SHIRAH:  That's fine.  I've

8              reviewed your PS Form 3811, which

9              shows that the IRS received your

10             letter on July the 11th, so your

11             request was timely so this is a

12             collection due process hearing.  The

13             period that would be the subject of

14             this hearing is the period indicated

15             on Letter 1058, Form 12153, which is

16             for Form 1040EZ for the period ending

17             December 31, 1997.  Now, I want to go

18             our Internal Revenue Code Section 6330

19             as it discusses the notice and

20             opportunity for appeals hearing before

21             levy.  Section 6330A1 states that no

22             levy may be made on any property or

23             right to property by any person unless

1          the secretary has notified such person

2          in writing of their right to a hearing

3          under this section before the levy is

4          made, and I understand that you have

5          acknowledged that you received the

6          notice of intent to levy with your

7          right to the hearing, that is the

8          document we've just referred to.

9     MR. WARD DEAN:  Would you read again what

10         you just read?

11    MR. DAN SHIRAH:  Okay.  It says, this is

12         Internal Revenue Code Section 6330A1,

13         no levy may be made on any property or

14         right to property of any person unless

15         the secretary has notified such person

16         in writing of their right to a hearing

17         under this section before such levy is

18         made.

19    MR. WARD DEAN:  Correct, yes.

20    MR. DAN SHIRAH:  I'll skip down to Section

21         6330B1, it says if the taxpayer

22         requests a hearing under Subsection

23         A3B such hearing shall be held by the

1            Internal Revenue office of appeals,

2            that's what we're doing at this

3            particular time.  A taxpayer shall be

4            entitled to only one hearing under

5            this section with respect to the

6            taxable period for which unpaid tax

7            specified in Subsection A3A relates.

8            6330B3 states that the hearing under

9            the subsection shall be conducted by

10           an officer or employee who has no

11           prior involvement with respect to the

12           unpaid tax specified in this

13           subsection.  I have had no previous

14           involvement with unpaid tax with

15           regard to this subsection, so under

16           that provision I'd be considered an

17           impartial officer.

18      MR. WARD DEAN:  Okay.

19      MR. DAN SHIRAH:  Section 6330C1 discusses

20           requirement investigation, it says the

21           appeals officer shall at the hearing

22           obtain verification from the secretary

23           that the requirements of any

1          applicable law or administrative

2          procedure have been met.  At the

3          hearing, a person may raise at the

4          hearing any relevant issue relating to

5          the unpaid tax or proposed levy,

6          including appropriate spousal

7          defenses, challenge the

8          appropriateness of the collection

9          actions and offers of collection

10         alternatives, which may include

11         posting of bond, substitution of the

12         assets, installment agreement, or

13         offering compromise.

14             Section 6330C2B titled Underlying

15         Liability says the person may also

16         raise at the hearing challenges to the

17         existence or amount of the underlying

18         tax liability for any tax period if

19         the taxpayer did not receive any

20         statutory notice of deficiency for

21         such tax period or did not otherwise

22         have an opportunity to dispute such

23         tax liability.  We'll get into that in

1                    a minute.  I understand that you are

2                    disputing the underlying liability.

3          MR. WARD DEAN:  That's part of it, but I do

4                    have a number of other questions as

5                    well.

6          MR. DAN SHIRAH:  Basis for determination,

7                    the determination by an appeals

8                    officer under the subsection shall

9                    take into consideration the

10                   verification presented in Subsection 1

11                   and Paragraph 1, the issues raised in

12                   Paragraph 2, and whether any proposed

13                   collection action balances the need

14                   for efficient collection of taxes with

15                   a legitimate concern of the person

16                   that any collection action be no more

17                   intrusive than necessary.  Subsection

18                   63-30-D1 talks about judicial review

19                   of determination, that the person may

20                   within 30 days of determination under

21                   this subsection appeal such

22                   determination, in this case it would

23                   be under 63-30-D1B, if the tax court

1          does not have jurisdiction of the

2          underlying tax liability to a District

3          Court of the United States.  So any

4          appeal, this would be to the district

5          court of the United States.

6              I wanted to review with you

7          briefly what I've done in preparation

8          for the conference.  To date I have

9          verified and reviewed the information

10         in the case file, and to the best of

11         my knowledge, the best of the

12         information available it appears to me

13         that all applicable laws and

14         administrative procedures have been

15         followed or met.  I have reviewed your

16         Form 12153 and attached

17         correspondence.  I reviewed a copy of

18         your return.  I reviewed the case

19         history leading up to the appeals

20         collection action.  Transcripts for

21         the year at issue were reviewed, which

22         indicate that the taxes were properly

23         assessed, remain unpaid, and demand

1       for payment has been made.  The

2       transcripts used were Tax Mod A, that

3       is the type of transcript that we use.

4       The purpose of our meeting here today

5       is to see if there are any other

6       issues that have not been raised that

7       you want to raise with regard to

8       either the liability or the collection

9       activities, whether or not the

10      collection measure is appropriate or

11      the levy is appropriate.

12              With regard to the applicable law

13      and administrative procedures, first,

14      I'd like to review if I could with you

15      a copy of the return.  Does this

16      appear to be a copy of your return for

17      1997?

18      MR. WARD DEAN:  Yes, it does, and it also

19      includes with the return the

20      attachment that I specified was a part

21      of the return, which fully explained

22      the reason for the format of the

23      return.  Yes, that's it.

1          MR. DAN SHIRAH:  On the return it shows

2               that on Line 1 where it says total

3               wages, salaries, and tips you put

4               zeros.  For taxable interest income

5               you have zeros.  For adjusted gross

6               income you have zeros.  For Line 5,

7               which says this is the standard

8               deduction, and you chose the standard

9               deduction for married, which is twelve

10              thousand five hundred, you show

11              taxable income of zero.  On Line 7 you

12              showed federal income tax withheld as

13              twelve thousand fifty-one dollars and

14              fifty-four cents.  On Line 9 you show

15              total payments of twelve thousand

16              fifty-one dollars and fifty-four

17              cents.  Tax on Line 10, you show

18              zeros.  On Line 11A you show amount to

19              be refunded twelve thousand fifty-one

20              dollars and fifty-four cents.

21                   Back to applicable law and

22              administrative procedures, our C

23              Section 6321 provides a statutory lien

1              upon a taxpayer who neglects or

2              refuses to pay a tax liability after

3              notice and demand.  Before the service

4              can enforce its levy the following

5              elements must be present, one, a valid

6              assessment, notice and demand for

7              payment, and failure on the taxpayer

8              to pay the amount due within 10 days.

9              A valid assessment, Code Section 6703

10             specifically provides that the usual

11             deficiency notices of procedures for

12             income taxes shall not apply to a

13             penalty for filing a frivolous income

14             tax return.  The taxpayer's remedy is

15             to pay 15 percent penalty and file a

16             claim for refund with the IRS and

17             commence action with district court.

18             A Tax Mod A, which is our transcript,

19             indicates that the service assessed

20             the penalty on April the 3rd, 2000.  A

21             Form 4340 has been ordered, and that's

22             a certified transcript, and also a

23             literal transcript has been ordered,

```
 1              and once I get those I'll send you a
 2              copy of either the 4340 or literal
 3              transcript, whichever I receive first,
 4              and that is to confirm that proper
 5              assessment has been made.
 6                   Notice and demand, our C Section
 7              6330A gives the secretary the
 8              authority to collect taxes by levy if
 9              any person liable to pay the tax
10              neglects or refuses to pay the
11              liability within 10 days after notice
12              of demand.  I also have reviewed Tax
13              Mod A, which indicates that on April
14              the 3rd the service mailed an initial
15              notice and demand for payment in the
16              form of a letter, Form CP015, this
17              notice is issued to inform the
18              taxpayer that a civil penalty has been
19              assessed.  Did you receive that
20              notice?
21         MR. WARD DEAN:  What was the notice again?
22         MR. DAN SHIRAH:  It was CP015, dated April
23              the 3rd, 2000.
```

1        MR. WARD DEAN:  Here's April 3rd, 2000.

2           It's a CP what?

3        MR. DAN SHIRAH:  CP15, that's it right

4           there.

5        MR. WARD DEAN:  What were you calling it?

6        MR. DAN SHIRAH:  That is the notice and

7           demand for payment.

8        MR. WARD DEAN:  Really?

9        MR. DAN SHIRAH:  Yes, sir.

10       MR. WARD DEAN:  You're saying this is the

11          statutory notice and demand for

12          payment?

13       MR. DAN SHIRAH:  Under this penalty we're

14          not required to send a statutory

15          notice of deficiency, we're allowed to

16          make immediate assessment and then we

17          make notice and demand for payment.

18       MR. WARD DEAN:  You read Code Section

19          63-31, levy and distraint and it said

20          if any personal liable to pay any tax

21          neglects or refuses to pay the same

22          within 10 days after notice and

23          demand, I never received statutory and

1          demand.

2          MR. DAN SHIRAH:  That's what I'm explaining

3               to you.  The law says that we do not

4               have to provide notice and demand on

5               this particular penalty.

6          MR. WARD DEAN:  Which law says that?

7          MR. DAN SHIRAH:  Our Code Section 6703, and

8               I've got a court case that I'll give

9               you a copy of, which you can have

10               which states the same thing.

11          MR. WARD DEAN:  You said Code Section 6703?

12          MR. DAN SHIRAH:  Yes, sir.  I'm reading

13               from this court case, Turner versus

14               Secretary of Treasurer.  It says in

15               here, Code Section 6703 specifically

16               provides that the usual deficiency

17               procedures for income taxes shall not

18               apply to the penalty for filing a

19               frivolous income tax return.

20          MR. WARD DEAN:  Is that a supreme court

21               case?

22          MR. DAN SHIRAH:  No, sir.

23          MR. WARD DEAN:  Looks like U.S. tax court.

```
1              MR. DAN SHIRAH:  No, it is U.S. District

2                   Court, Southern District of Indiana.

3              MR. WARD DEAN:  Well, Code Section 6001

4                   says that I have to comply with rules

5                   and regulations, it doesn't say

6                   anything about me having to comply

7                   with court cases.  If you've got a law

8                   that says I have to comply with court

9                   cases I'd like to see it.

10             MR. DAN SHIRAH:  Our responsibility is the

11                  law is interpreted through the court

12                  cases, they interpret the law, we have

13                  to follow the court cases in

14                  interpreting the law.

15             MR. WARD DEAN:  You have to follow the law.

16                  The IRS's mission right here says that

17                  you will apply the tax law with

18                  integrity and fairness to all.

19             MR. DAN SHIRAH:  Exactly.

20             MR. WARD DEAN:  Your own regulation here,

21                  601-106F says that the appeals

22                  representative shall hue to the law,

23                  it doesn't say that you shall hue to
```

1           court cases, it says you shall hue to

2           the law.

3       MR. DAN SHIRAH:  That's the only way we can

4           follow the law.

5       MR. WARD DEAN:  Well, I'm a college

6           graduate and I can read so I think

7           that --

8       MR. DAN SHIRAH:  I'll consider what you've

9           said in making my determination, but I

10          am gonna rely on the court cases.

11      MR. WARD DEAN:  You rely on court cases,

12          but your regulations say that you

13          shall hue to the law, and admission

14          says that you shall apply the law.

15      MR. DAN SHIRAH:  That's exactly what I'm

16          doing.

17      MR. WARD DEAN:  It sounds to me like you're

18          applying court cases.

19      MR. DAN SHIRAH:  Well, I'm sorry that you

20          understand it that way, my

21          understanding is that court cases

22          interpret the law, and as appeals

23          officer I'm bound to follow the court

1           cases that interpret the particular

2           law.  So we've established that you

3           did receive notice and demand.

4      MR. WARD DEAN:  No, we haven't.  Let me

5           show you something, it's treasury

6           decision 1995, it says that a

7           statutory notice and demand is a Form

8           17A.  This is treasury decision 1995

9           right here and it says that Form 17 is

10          the statutory notice of demand for

11          payment.  I never received statutory

12          notice and demand for payment.  This

13          is a treasury decision that is still

14          valid today, and if you have a

15          regulation that shows that this CP15

16          is a statutory notice and demand for

17          payment I'd like to see it.

18     MR. DAN SHIRAH:  Is this an extra copy, can

19          I have this?

20     MR. WARD DEAN:  I would think you would

21          have it.

22     MR. DAN SHIRAH:  I don't have it.

23     MR. WARD DEAN:  Your job description says

1           that you shall be knowledgeable of the

2           tax law and regulations.  You can have

3           that.

4     MR. DAN SHIRAH:  I'll take this and I'll

5           consider this, I'll research this and

6           find out whether or not that applies

7           or not.

8     MR. WARD DEAN:  While we're on 6331 there's

9           a couple of other portions of 6331.

10          In fact, do you have a lot more other

11          things to go to because I do have some

12          questions, and some of the things

13          you've already addressed but we really

14          haven't gotten down to answering my

15          questions about it.

16    MR. DAN SHIRAH:  Go ahead.

17    MR. WARD DEAN:  First off, when we were

18          reading Code Section 6330, and we can

19          go back to that, Code Section 6330C1

20          says that the appeals officer shall at

21          the hearing obtain verification from

22          the secretary, that's the secretary of

23          the treasury, that the requirements of

1           any applicable law or administrative

2           procedure have been met.  Do you have

3           that verification from the secretary?

4      MR. DAN SHIRAH:  The courts have determined

5           that the information provided in the

6           case file, including a transcript of

7           the account to verify notice and

8           demand is sufficient to meet that

9           requirement.

10     MR. WARD DEAN:  Which court?

11     MR. DAN SHIRAH:  The court I just gave you

12          is one of them, notice and demand,

13          that's it, Turner versus Secretary

14          Treasurer 84-2 USPC Paragraph 9804.

15     MR. WARD DEAN:  That's a tax court case,

16          what year was that?

17     MR. DAN SHIRAH:  '84.

18     MR. WARD DEAN:  This is a 1998 law, so

19          don't give me 1984 tax court decisions

20          because they're not valid when the

21          congress of the United States based on

22          the IRS hearings in 1997 that were

23          convened by Senator Roth who wrote the

1              book, Power to Destroy.

2        MR. EDD EASTERLING:  I've seen your book.

3              I've seen it but I haven't read it.

4        MR. WARD DEAN:  You ought to read it, it's

5              real interesting because they talk in

6              here about many of the abuses

7              committed by service personnel were in

8              violation of laws that were already on

9              the books.  Basically, the purpose of

10             this hearing -- you started out

11             talking about it was a meeting, it was

12             a conference, yet when we read the law

13             we read about notice and opportunity

14             for a hearing before levy and right to

15             a fair hearing.  This is not a

16             meeting, this is not a conference,

17             this is a hearing, and the reason that

18             congress enacted Code Section 6330 was

19             to stop the illegal activities and

20             illegal seizures of property of

21             American citizens by the IRS in

22             violation of the law, and that's why

23             they established this, to make sure

1           that the IRS and the personnel

2           complied with the law.  I've shown you

3           already, in fact, I'll give you this

4           one too, which has the regulation

5           which requires that the appeals

6           officer shall hue to the law, I'll

7           provide you with the book on the

8           examination process that states that

9           your mission is to apply the tax law.

10          I'm looking at the tax law here and it

11          says that you shall obtain

12          verification from the secretary that

13          the requirements of any applicable law

14          or administrative procedure have been

15          met.  In fact, I requested that in my

16          letters and I said I expect that you

17          will have at this hearing the

18          verification from the secretary that

19          these requirements have been met.  Did

20          you try to get the verification from

21          anybody?

22      MR. DAN SHIRAH:  I earlier reviewed for you

23          what I went over and what I've

1  considered and what I've seen.  This

2  court case, Lance Standefur, United

3  States District Court in the District

4  of Arizona --

5  MR. WARD DEAN:  What year was that?

6  MR. DAN SHIRAH:  2001.  It's cited as

7  2001-2 U.S. tax case of CCH dated June

8  8, 2001, and it states, plaintiff

9  complains that only literal

10  transcripts were considered and not

11  the actual returns by the taxpayer and

12  that none of the regular notices of

13  assessment or any other notices are

14  referenced in the little transcripts.

15  It also complains that the defendant

16  did not produce the assessment until

17  after the hearing, instead at the

18  hearing the defendant produced

19  printouts of the plaintiff's

20  individual master file account.  As

21  pointed out by the United States, the

22  appeals officer was entitled to rely

23  on the IRS computer transcripts and

1            certified transcripts in making his

2            decision, it cites Davis versus

3            Commissioner 115TC35.

4       MR. WARD DEAN:  Again, we're citing tax

5            court cases.  What year was that?

6       MR. DAN SHIRAH:  That's right, we are.

7            That was in 2000, Huff versus United

8            States 10F3D1440, Ninth Circuit, 1993.

9       MR. WARD DEAN:  Is that in response to a

10           collection due process hearing?

11      MR. DAN SHIRAH:  Yes, sir.  In fact, it had

12           to do with a frivolous penalty for a

13           frivolous return penalty.

14      MR. WARD DEAN:  I'd like to look that up

15           because it's pretty clear what the law

16           states here, it says that you shall,

17           and shall is mandatory, that's a

18           command, that you shall obtain

19           verification from the secretary.  So

20           let the record show that Mr. Shirah

21           does not have verification from the

22           secretary of the treasury that the

23           requirements of any applicable law or

```
 1                    administrative procedure have been

 2                    met.

 3          MR. EDD EASTERLING:  I think that's a

 4                    matter of interpretation, Mr. Shirah

 5                    says that he has it.

 6          MR. WARD DEAN:  Are you familiar with the

 7                    federal crop insurance case?  The

 8                    federal crop insurance case is a 1947

 9                    supreme court case where the American

10                    citizen is warned that he takes a risk

11                    any time he does not verify that the

12                    government agent is acting within his

13                    scope of authority, and I want to make

14                    sure that the IRS personnel are acting

15                    within the scope of their authority

16                    and I don't want to take that risk, so

17                    I'm going to rely pretty much on the

18                    law.

19          MR. DAN SHIRAH:  In response to what you

20                    said, I've already explained to you

21                    the documents that I have reviewed,

22                    I've also pointed out to you a court

23                    case where the district court has
```

```
 1              considered this very issue as to what
 2              the appeals officer has to consider
 3              and I have considered the things that
 4              the court requires that I consider and
 5              I've given you a copy of the case if
 6              you would like to have the copy.
 7      MR. WARD DEAN:  I certainly would.
 8      MR. DAN SHIRAH:  That's for your reference.
 9              So we've covered notice of demand.
10      MR. WARD DEAN:  No, we haven't.  Basically,
11              you do not have any regulation or
12              statute that establishes anything
13              other than Form 17A as the statutory
14              notice and demand; is that correct?
15      MR. DAN SHIRAH:  I have court cases which
16              I've cited to you already, and I've
17              got a copy of the transcript.
18      MR. EDD EASTERLING:  If we're gonna be
19              exchanging notes like this you'll have
20              to step outside.
21      MR. WARD DEAN:  I understand.  You did
22              mention Code Section 6703 as well, and
23              Code Section 6703 says that the burden
```

```
 1                    of proof in any proceeding involving

 2                    the issue of whether or not any person

 3                    is liable for a penalty under Section

 4                    6700, 6701, or 6702, the burden of

 5                    proof with respect to such issue shall

 6                    be on the secretary.  So with regard

 7                    to the penalty I would also like to

 8                    see a copy of the assessment of the

 9                    penalty.

10        MR. DAN SHIRAH:  I've given you a copy of

11                    the transcript, which indicates that

12                    the assessment was properly made.

13        MR. WARD DEAN:  Who made this assessment?

14        MR. DAN SHIRAH:  I don't know the

15                    individual that makes the assessment,

16                    I'm not required to determine who made

17                    the assessment.

18        MR. WARD DEAN:  Well, this is just some

19                    computer generated form.

20        MR. DAN SHIRAH:  That's right.

21        MR. WARD DEAN:  Somebody could have come

22                    along and bumped the computer and this

23                    could've gotten spit out.
```

1        MR. DAN SHIRAH:  That's right.

2        MR. WARD DEAN:  I would like to know the

3            name of the individual.

4        MR. DAN SHIRAH:  We don't have that

5            information available.

6        MR. WARD DEAN:  Do you have a certificate

7            of the assessment?

8        MR. DAN SHIRAH:  No, sir.  I have this

9            transcript and that's what I'm saying

10           and I will have a copy of a Form 4340

11           or a literal transcript, which is

12           considered by the court sufficient to

13           indicate that assessment has been

14           properly made.

15        MR. WARD DEAN:  But you don't have a copy

16           of the certificate of the assessment?

17        MR. DAN SHIRAH:  What form are you

18           referring to?

19        MR. WARD DEAN:  Well, I spent 22 years in

20           the military and I know that in the

21           government there always is a form.

22        MR. DAN SHIRAH:  A Form 4340 is a

23           verification of the assessment, that's

1              what it is.

2     MR. WARD DEAN:  I would also like to know

3              who made the assessment, which I think

4              is also critical.

5     MR. DAN SHIRAH:  That information is not

6              available to us and is not required

7              for me to make the decision.

8     MR. WARD DEAN:  But you're gonna make the

9              decision?

10    MR. DAN SHIRAH:  Based on the information

11             that I have in the file, and I'm

12             waiting for you to provide some

13             information that would help me in

14             making that decision.

15    MR. WARD DEAN:  I'm waiting for you to

16             provide me with some information that

17             would act in compliance with the laws.

18    MR. DAN SHIRAH:  I've provided all the

19             information that I have to provide,

20             and in my interpretation of the law it

21             is sufficient to make a determination.

22             A valid assessment has been made, a

23             valid notice of demand has been made

1              that you refuse to pay the tax.

2       MR. WARD DEAN:  We'll get that to that and

3              we may be able to come to some

4              agreement here in a little bit.

5       MR. DAN SHIRAH:  Okay.

6       MR. WARD DEAN:  So you do not have the

7              assessment.  Now, do you have the

8              return from which the assessment was

9              made?

10      MR. DAN SHIRAH:  I have a copy of the

11             return, I do not have the original

12             return.

13      MR. WARD DEAN:  What was the assessment of

14             that, it was zero, correct?

15      MR. DAN SHIRAH:  Yeah, it shows you,

16             there's the transcript, you've got a

17             copy of the transcript.

18      MR. WARD DEAN:  Since the assessment was

19             zero --

20      MR. DAN SHIRAH:  The penalty assessment was

21             five hundred dollars, that's how much

22             was assessed for the penalty.

23      MR. WARD DEAN:  But you haven't been able

1               to provide me with the assessment.

2        MR. DAN SHIRAH:  I showed you the

3               transcript that shows the assessment

4               was five hundred dollars for the civil

5               penalty.

6        MR. WARD DEAN:  Let the record show that

7               Mr. Shirah did not have available a

8               certificate by which the assessment

9               was made.  Is there a code section

10              that authorizes IRS agents to make

11              these assessments, inquiries,

12              determinations?

13       MR. DAN SHIRAH:  I'm sure there is, I'm not

14              sure exactly which one.

15       MR. WARD DEAN:  Code Section 6201, does

16              that sound kind of familiar?

17       MR. EDD EASTERLING:  What's the relevance?

18       MR. DAN SHIRAH:  Tell me what you're

19              getting to.

20       MR. WARD DEAN:  We'll go to Code Section

21              6201, Code Section 6201 gives the

22              assessment authority, it's right here.

23       MR. DAN SHIRAH:  Yeah, that's fine.

1        MR. WARD DEAN:  It says the secretary is

2               authorized to make these assessments.

3        MR. DAN SHIRAH:  Sure.

4        MR. WARD DEAN:  Now, who made the

5               assessment, you're not the secretary.

6        MR. EDD EASTERLING:  This is arguments

7               that's already been tried.

8        MR. DAN SHIRAH:  It's already been tried in

9               court and we're not gonna respond to

10              those arguments.

11       MR. WARD DEAN:  Again, Code Section 6001,

12              which is in the privacy act, there are

13              three code sections that are mentioned

14              in the privacy act, and I would assume

15              that these are probably the most

16              important and the most relevant code

17              sections with regard to the income

18              tax, and Code Section 6001 says that I

19              have to comply with rules and

20              regulations, it does not say that I

21              have to comply with court decisions.

22              I would like to see the regulation.

23       MR. DAN SHIRAH:  We're telling you that we

1               have to rely on court cases to

2               interpret the Internal Revenue Code,

3               and that's what we have done, and we

4               provided you the information to show

5               that proper assessments have been

6               made, notice and demand has been made

7               and you have failed to make payment.

8               We have not talked about the return

9               itself, whether the penalty applies,

10              if you want to discuss that we can,

11              but I think we've gone far enough with

12              this assessment and notice.

13    MR. WARD DEAN:  Again, I personally do not

14              believe that you've been able to show

15              me that there is a valid assessment.

16    MR. DAN SHIRAH:  I understand that.

17    MR. WARD DEAN:  We don't know who imposed

18              the penalty, and the only person who

19              is authorized to do this is the

20              secretary.

21    MR. DAN SHIRAH:  We understand your

22              argument, and we'll duly note your

23              argument.

```
 1            MR. RICK WALLSTEAD:  Let's take a break.
 2            MR. DAN SHIRAH:  No, we don't need to take
 3                 a break.  We're almost finished.
 4            MR. WARD DEAN:  Not really.
 5            MR. DAN SHIRAH:  Yeah, we are, we're close.
 6            MR. WARD DEAN:  No, we're not.
 7            MR. DAN SHIRAH:  Well, you need to bring
 8                 some relevant arguments.
 9            MR. EDD EASTERLING:  We're not gonna argue
10                 just to argue.
11            MR. WARD DEAN:  I don't want to beat dead
12                 horses but there are some other
13                 issues, and according to Code Section
14                 6330CB I can challenge the existence
15                 of the underlying tax liability.
16            MR. DAN SHIRAH:  I'm offering you that
17                 opportunity right now to do that, if
18                 you want to explain why you think the
19                 penalty should not apply then that's
20                 fine.
21            MR. WARD DEAN:  I'll tell you what, we can
22                 forget about the fact that you don't
23                 have the verification, you don't have
```

1              the assessment, you don't have a

2              return from which the assessment was

3              made other than a copy of my return,

4              but I'll forget about all that and

5              I'll write you out a check right now

6              if you can just show me the code

7              section that makes me liable for the

8              tax.

9         MR. DAN SHIRAH:  That's an issue that's

10             been raised and tried in a court.

11        MR. WARD DEAN:  There's the code section

12             about liability for the tax, and if

13             you'll just show me the code section.

14        MR. DAN SHIRAH:  I'll show you Code Section

15             1.

16        MR. EDD EASTERLING:  Those type arguments

17             have already been heard by the court

18             and ruled time and time again, and

19             we're not gonna entertain those that's

20             already been decided.

21        MR. DAN SHIRAH:  It says tax on individual,

22             tax imposed, and it says Code Section

23             1 married individuals filing joint

1             returns with survivors, it's hereby

2             imposed on the taxable income of every

3             married individual who makes a single

4             return jointly with his spouse under

5             the section, then it goes on and deals

6             with single individuals or married

7             individuals filing separate returns,

8             so Code Section 1 does require you to

9             pay taxes.

10        MR. WARD DEAN:  No, it says those who have

11             taxable income.

12        MR. DAN SHIRAH:  We're not gonna get into a

13             discussion of what taxable income is,

14             the courts have already decided that

15             so we're not gonna get into that.

16        MR. WARD DEAN:  So basically, you are

17             hueing to court decisions and you are

18             applying court decisions to the

19             taxpayers, okay.

20        MR. DAN SHIRAH:  Yeah, exactly.

21        MR. EDD EASTERLING:  It's our

22             interpretation of the code as well as

23             the court's.

1          MR. WARD DEAN:  Do you have a regulation

2                 that requires me to pay the penalty?

3          MR. DAN SHIRAH:  I'm not gonna respond to

4                 whether or not I have regulations or

5                 not.

6          MR. WARD DEAN:  I am only required to

7                 comply with regulations according to

8                 6001 and 601Y.

9          MR. DAN SHIRAH:  I disagree with that.

10         MR. WARD DEAN:  That is exactly what the

11                tax code says.

12         MR. DAN SHIRAH:  You don't need a

13                regulation, the tax code says right

14                here, it says Code Section 6702 civil

15                penalty if any individual files what

16                purports to be a return of tax imposed

17                by Subtitle A but which does not

18                contain information on which

19                substantial correctness of the self

20                assessment may be judged or contains

21                information that on its face indicates

22                the self assessment is substantially

23                incorrect.

1             MR. EDD EASTERLING:  It lists the

2                 conditions.

3         MR. DAN SHIRAH:  Then such individual shall

4                 pay a penalty of five hundred dollars.

5                 So you don't need a regulation, the

6                 code specifically states the

7                 requirements.

8         MR. WARD DEAN:  There was information on

9                 which the correctness of the self

10                 assessment may be judged and it was

11                 zero.

12         MR. DAN SHIRAH:  That's true, but also it

13                 says if it contains information that

14                 the self assessment is substantially

15                 incorrect, and it does, the

16                 information you provided indicates

17                 your self assessment where you put

18                 zero tax liability when you had

19                 substantial W2 income and retirement

20                 income.

21         MR. WARD DEAN:  I showed you the tax code

22                 open to the index for liability tax

23                 and offered to pay the tax if you

```
 1              could show me the code section that

 2              made me liable for the tax.

 3         MR. DAN SHIRAH:  We're not gonna continue

 4              to argue that, that's been tried in

 5              the courts and the courts have relied

 6              on that, we have a code section that

 7              tells you that the penalty should be

 8              imposed.  Do you have any further

 9              arguments with regard to the penalty

10              itself?

11         MR. WARD DEAN:  Only the fact that you have

12              not been able to show me a code

13              section that makes me liable for the

14              tax, you haven't shown me a regulation

15              that requires me to pay the penalty.

16              I'll pay it right now if you can show

17              me a regulation that requires me to

18              pay that penalty.

19         MR. DAN SHIRAH:  I don't think we need to

20              provide you anymore information, I

21              think we've provided you sufficient

22              information.

23         MR. WARD DEAN:  Your mission is to apply
```

```
 1                    the tax laws.
 2         MR. DAN SHIRAH:  We are, we're applying the
 3              law.
 4         MR. WARD DEAN:  You're applying court
 5              cases.
 6         MR. DAN SHIRAH:  This is the code section
 7              itself, not just the court case.
 8         MR. WARD DEAN:  But I'm supposed to comply
 9              with regulation.
10         MR. DAN SHIRAH:  That's fine, you have an
11              opportunity to appeal this hearing if
12              you don't believe that I've properly
13              applied the law.
14         MR. WARD DEAN:  Can you show me a code
15              section that authorizes anybody to
16              estimate the amount of tax which has
17              been omitted to be paid from my
18              return?
19         MR. DAN SHIRAH:  This hearing is not for me
20              to provide you with any specific code
21              sections that you request.
22         MR. WARD DEAN:  This hearing is to make
23              sure that the requirements of the
```

```
 1               law --

 2          MR. DAN SHIRAH:  It's to offer you an

 3               opportunity to provide information

 4               that I considered so that I can

 5               determine whether the requirements

 6               have been met.

 7          MR. WARD DEAN:  I've provided you with lots

 8               of information that shows that you

 9               have not been complying with the law,

10               you haven't been able to show me the

11               regulations.

12          MR. DAN SHIRAH:  I will take the

13               information that you provided into

14               consideration when I make my

15               determination.  As far as I know

16               that's your only arguments with regard

17               to the penalty, the liability itself.

18               We've discussed the other provisions

19               of the other procedures with

20               collection due process and I don't see

21               any point in us continuing with the

22               conference so I'd like to end it.

23          MR. WARD DEAN:  Is this a conference or a
```

```
 1              hearing?
 2         MR. DAN SHIRAH:  This is a conference,
 3              which is part of the collection due
 4              process hearing process.
 5         MR. WARD DEAN:  I would just like for the
 6              record then to summarize the results
 7              of this hearing so that we'll all have
 8              it.
 9         MR. DAN SHIRAH:  I don't think we need to
10              summarize anything else.  We're not
11              gonna put anything else on the record
12              as part of the conference.  The
13              conference is hereby ended.
14         MR. WARD DEAN:  This is not a conference,
15              it's a hearing and I can raise any
16              issue.
17         MR. EDD EASTERLING:  Collection
18              alternatives.
19         MR. DAN SHIRAH:  Collection alternatives,
20              we haven't discussed that.
21         MR. WARD DEAN:  I offered several times --
22         MR. DAN SHIRAH:  Any time you want to pay
23              the penalty, that's fine.
```

1      MR. WARD DEAN:  As soon as you show me the

2           code section that makes me liable for

3           the penalty and the regulation that

4           requires me --

5      MR. DAN SHIRAH:  I've already done that,

6           and I've provided court cases.

7      MR. WARD DEAN:  Let the record show that he

8           has not provided me with the

9           regulation that requires me to pay the

10          taxes because I will pay it

11          immediately.

12     MR. DAN SHIRAH:  That's fine, we've

13          discussed collection alternatives and

14          I guess that is all that we need to

15          discuss.  Do you know of anything else

16          we need to discuss?

17     MR. EDD EASTERLING:  The only thing you

18          might mention is should the

19          determination not be in his favor he

20          can appeal.

21     MR. DAN SHIRAH:  You can appeal to the

22          district court.

23     MR. WARD DEAN:  That is one point I would

1              like to make because when you sent me

2              the last letter when you were talking

3              about claiming that my response was

4              not in a timely manner and you just

5              immediately jumped over and said

6              because it was allegedly late that I

7              also would lose my opportunity for

8              judicial appeal.

9         MR. DAN SHIRAH:  I told you that I verified

10             with you that the notice was timely

11             filed, which gives you a right to go

12             on to district court.

13        MR. WARD DEAN:  Even if it wasn't timely

14             filed I would still have that

15             opportunity because I've got 30 days

16             of the issuance of the determination

17             letter.

18        MR. DAN SHIRAH:  That's irrelevant.  The

19             point is you have an opportunity for a

20             judicial review.

21        MR. WARD DEAN:  It is not irrelevant

22             because you are required to know the

23             tax law and to know the regulations,

```
 1                    yet you come up with something really

 2                    goofy like that --

 3           MR. DAN SHIRAH:  That's it, we can close

 4                    it.

 5           MR. WARD DEAN:  I'm paying her bills --

 6                    claiming that I have no opportunity

 7                    for challenge.

 8           MR. DAN SHIRAH:  Conference is over.

 9           MR. WARD DEAN:  It's a hearing, not a

10                    conference.

11           MR. DAN SHIRAH:  The hearing is over,

12                    please leave.

13

14      (This proceeding concluded at 2:45 p.m.)

15

16

17

18

19

20

21

22

23
```

**Internal Revenue Service**
Birmingham Appeals Office
801 Tom Martin Drive
Room 257
Birmingham, AL 35173

**Department of The Treasury**
Small Business/Self Employed

**Person to Contact:**
  Daniel L. Shirah
**Contact Person ID#:**
  72-19320
**Telephone Numbers:**
  (205) 912-5440
  FAX (205) 912-5445

Date: OCT 1 0 2001

Ward Dean

**Refer Reply to:**
  SB/SE:AP:DLS
**Taxpayer Identification No.:**
  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
**Tax Period(s) Ended:**
  199712
**In Re:**
  Due Process Appeal (District Court)

**CERTIFIED MAIL**

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Dean:

We have reviewed the proposed collection action for the period(s) shown above.  This letter is your legal Notice of Determination, as required by law.  A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.  We have also attached a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters which verifies the information contained on the TXMODA given to you at the Hearing.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law.  The courts cannot consider your appeal if you file late.  If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

Letter 3194-c ( 01/1999)

Ex D

Attachment to Letter 3194-c

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office  for action consistent with the determination summarized below and described on the enclosed pages(s).

If you have any questions, please call the person whose name and telephone number are shown above.

**Summary of Determination:**

We have determined that Compliance may pursue the collection of the liability through the issuance of a levy. The Service has met all legal and procedural requirements. The underlying liability is correct.  The spousal defense is not a relevant issue. You have not presented any collection alternative for consideration.

Sincerely,

Edward E. Easterling
Appeals Team Manager

Enclosure:
Copy of  Form 4340 & Form 2866

Attachment to Letter 3194-c

| **Type of Tax Due** | **Period** |
|---|---|
| IRC §6702 | 199712 |

## Applicable Law and Administrative Procedures

IRC §6330(c)(1) provides the appeals officer shall obtain verification from the Secretary the requirements, of any applicable law or administrative procedure, have been met. With the best information available, the requirements or various applicable law and administrative procedures have been met.

IRC §6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Before the Service can enforce it's levy, the following elements that must be present:

1. A valid assessment.
2. Notice and demand for payment.
3. Failure of the taxpayer to pay the amount due within 10 days from the notice and demand for payment.

1. A valid assessment.

IRC §6703 specifically provides that the usual deficiency procedures for income taxes shall not apply to the penalty for filing a frivolous income tax return. The taxpayer's remedy is to pay 15 percent of the penalty (i.e., $75), file a claim for refund with the IRS, and commence an action for refund in a district court if the claim is denied. See Turner v. Secretary of Treasury , 84-2 USTC ¶9805.

A TXMODA, indicates that the Service assessed the penalty on 4/3/2000. A Form 4340 confirms the assessment. The U.S. District Court for the District of Arizona agreed that the appeals officer was entitled to rely on the IRS computer transcripts and Form 4340 in making his decision. Standifird v. Wilcox, 87 AFTR2d Par. 2001-1058 (D. Az. June 12, 2001).

- 4 -

Attachment to Letter 3194-c
  2.  Notice and Demand

IRC §6331(a) gives the Secretary the authority to collect taxes by levy, if any person liable to pay any tax neglects or refuses to pay the liability within 10 days after ***notice and demand.***

A TXMODA, indicates that on 4/3/2000 the Service mailed an initial notice and demand for payment in the form of a letter, CPO15.  This notice is issued to inform the taxpayer that a Civil Penalty has been assessed.  Form 4340 confirmed this.  On 5/29/2000, the Service mailed another form letter, CP504.  This notice is a fourth notice-balance due notice.  The taxpayer confirmed the receipt of the letter CP015 and allowed the Appeals Officer to review his copy during the Hearing.  See Standifird, supra for proposition that appeals officer may rely on transcripts.

  3.  Failure of the taxpayer to pay within 10 days from notice and demand.

A TXMODA indicates that the penalty has not been paid._
IRC §6331(d) requires that the Service must notify a taxpayer at least 30 days before a notice of levy may be issued.  IRC §6330(a) states that no levy may be made unless the Service notifies a taxpayer of the right to request a hearing before an Appeals Officer at least 30 days prior to serving the levy.

The ACS (Automated Collection Service), Jacksonville, Florida, mailed a Letter 1058(Rev 01-1999)(LT-11), *Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing*, on 7/1/2000.  A copy of a certified mailing list from the ACS, a TXMODA showing TC 971cc69 on 7/1/2000, and a copy of the taxpayer's letter attached to his Form 12153 confirm this.

IRC §6330(b)(3) provides that the hearing be conducted by and officer who has had no prior involvement with respect to the unpaid tax.  I have had no prior involvement with respect to this liability.

IRC § 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing.

**Relevant Issues Presented by the Taxpayer-Challenges to Existence or Amount of the Liability**

You argued that the frivolous return penalty is not warranted.  You argued that the Form 1040EZ you filed for 1997 was correct.

You also argued that the penalties are no warranted for the following reasons:

- There is no section of the Internal Revenue Code (IRC) that makes you liable for the income taxes.

Attachment to Letter 3194-c

- You had "zero" income because the definition of income as provided in <u>Merchant's Loan & Trust Co. v. Smietanka,</u> 255 U.S.509, (at pages 518 & 519), is  "The word 'income' is not defined in the Internal Revenue Code (*U.S. v. Ballard,* 535 F.2d 400, 404). As stated above, income can only be a derivative of corporate activity."….

- There is no IRC or Regulation, which requires you to file a tax return.

You further argued that the collection action is not appropriate for the following reasons:

- "Since the IRS denied all of my requests for the initial 'examinations' and 'interviews' as provided for in IRS Publications 1 and 5." [1]
- "no valid, underlying assessment was ever made.  I never received the statutory 'Notice and Demand' for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331. "

Under very similar facts, the District Court for the Northern District of Ohio determined that the frivolous penalty is warranted.  See <u>Joseph T. Tornichio, Plaintiff, vs. U.S.</u>, 98-1 USTC ¶50,299, decided March 12, 1998. In that case, the Court stated that:

> " 'The Code states a tax is 'hereby imposed on the taxable income of every individual'. 26 U.S.C. @1.  'Taxable income' means gross income minus deductions permitted under the Code.  26 U.S.C. @63(a). 'Gross income' means 'all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services…"

> " Relatedly, Plaintiff argues 'income' should be interpreted as limited to corporate activities, and not include wages.  He relies on a series of Supreme Court cases rendered shortly after ratification of the Sixteenth Amendment, and which define the scope of corporate income.  None of those cases, however, stands for the proposition that only corporate income is taxable.  To the contrary, like Richards, supra, many of these cases state; 'income may be defined as gain derived from capital, from labor, or from both combined'………"the Supreme Court quoted the income statute at the time as imposing a tax on 'every person residing n the United States…upon the entire net income arising and accruing from all sources.' Thus, the plain language of the authorities upon which Plaintiff belies his position."

IRC §6012 provides that "Returns with respect to income taxes under subtitle A shall be made by the following:
"(1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount, …"

---

[1] Letter dated 7/6/00 to P.S. LaRue, Chief, Automated Collection Branch

Attachment to Letter 3194-c
Also see the following court cases, which are not exhaustive but merely illustrative of the decisions that the frivolous return penalty is applicable relating to the taxpayer husband's argument that wages are not taxable income. **Michael A. Beard v. US**, 86-1 USTC 9216, **Robert M. Howard and Carolyn M. Howard v. US**, 86-1 USTC 9125, and **Joseph T. Tornichio v. US**, 98-1 USTC 50,299.

IRC § 6702 provides for an immediate assessment of a $500 civil penalty against individuals who file frivolous income tax returns or frivolous amended income tax returns. The intent of the law is to stop the flow of returns, amended returns, or documents which purport to be returns, that contain altered line items or claim unallowable deductions or credits based on a frivolous position.

The penalty can be asserted when the return form (a) does not contain sufficient information to judge the correctness of the tax, or (b) contains information that on its face indicates the self-assessment is incorrect, and (c) the conduct referred to in (a) or (b) is due to a position which is frivolous or a desire to delay or impede the administration of the tax laws.

The government has the burden of proving the penalty is justified. See **Karpowycz v. US**, 84-1 USTC 9515. Per **Lester Wayne McQuary v. Sec. Of the Treasury & US**, 85-2 USTC ¶9817, IRC §61 unambiguously states that gross income includes "compensation for services." Moreover, all courts considering the issue that compensation for labor or services paid in the form of wages or salaries is income taxable under the income tax laws have universally held it to be taxable income. **Turner v. Secretary of Treasury**, 84-2 USTC ¶9805.

Based on the returns themselves, along with the attachments to the returns, the self-assessments are incorrect and the positions taken are frivolous.

**Collection Alternatives Considered**

You did not request/present any collection alternative. As stated earlier, you argued that the penalty is not applicable; therefore, no amount is due and no collection action is applicable.

**Balancing Efficient Collection and Intrusiveness**

IRC §6330 requires that the Appeals Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Based on all the facts and circumstances of this case Appeals believes that levy is necessary for the efficient collection of these penalties. It is an appropriate action due to the fact that the penalty is warranted, and the taxpayer has not suggested any collection alternatives.

# United States  of America

**Department of the Treasury**
**Internal Revenue Service**

Date: August 14, 2001

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:   Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.  All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein.  I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of    1    page(s)

under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Chief, Revenue Accounting Branch
Internal Revenue Service Center
Southeast Region, Atlanta, Georgia

Catalog Number 19002E

Form 2866 (Rev. 12-92)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

WARD DEAN                              EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      PERIOD ENDING: DEC  1997

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| | MISCELLANEOUS PENALTY<br>07254-459-52035-0  200012 | 500.00 | | 04-03-2000 |
| | ADDITIONAL TAX ASSESSED<br>07254-459-52035-0  200012 | 0.00 | | 04-03-2000 |
| 07-01-2000 | INTENT TO LEVY COLLECTION<br>DUE PROCESS<br>LEVY NOTICE ISSUED | | | |
| 07-05-2000 | INTENT TO LEVY COLLECTION<br>DUE PROCESS<br>RETURN RECEIPT SIGNED | | | |
| 04-03-2000 | Statutory Notice of Balance Due | | | |
| 05-29-2000 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 10-2000)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

WARD DEAN                              EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        PERIOD ENDING: DEC  1997
--------------------------------------------------------------------------


BALANCE          500.00

--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Carolyn J. Wilkinson_

PRINT NAME: _Carolyn J. Wilkinson_

TITLE _Acting Chief, Accounting Branch_

LOCAL DELEGATION ORDER: _____ 81 _____


LOCATION: INTERNAL REVENUE SERVICE
          DORAVILLE, GA

          ACCOUNT STATUS DATE 08/14/2001

FORM 4340  (REV. 10-2000)              PAGE      2