IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WARD DEAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:01cv430 LAC/MD |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

REPORT OF PARTIES' PLANNING MEETING

1. The plaintiff, Ward Dean, and the undersigned trial attorney for the United States met pursuant to Federal Rule of Civil Procedure 26(f), and this Court's Initial Scheduling Order on February 20, 2002.

2. Pre-Discovery Disclosures. The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by March 8, 2002.

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan and revision of the Initial Scheduling Order:

Discovery will be needed regarding the issue of whether the determination made by the IRS Hearing Officer at the Collection Due Process Hearing was ~~proper.~~ was in accordance with the law.

All discovery should be commenced in time to be completed by May 23, 2002.

A maximum of twenty-five (25) interrogatories, including subparts, by each party to any other party, with responses due as provided by the Federal Rules of Civil Procedure, reserving the right with the leave of the court to enlarge this number based upon the responses received.

A maximum of five (5) depositions of each by each of the parties of non-parties.

Each deposition, other than that of the party, is limited to a maximum of three (3) hours,

unless extended by agreement of the parties.

Expert reports under Rule 26(a)(2) are due from plaintiff by April 26, 2002. Reports from retained experts under Rule 26(a)(2) from defendant are due May 10, 2002.

Supplementation under Rule 26(e) due as responsive information is obtained or recovered by each party.

4.    Other Items.

The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference on a date set by further order of the Court, but preferably 30 days after the deadline for dispositive motions.

Plaintiff should be allowed until 30 days before the discovery deadline to join additional parties and to amend the pleadings.

Defendants should be allowed until 15 days before the discovery deadline to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed by 30 days after close of discovery.

Mediation or other alternative dispute resolution would not be helpful in resolving this matter.

All non-dispositive motions and responses shall be served within the time required by the Federal Rules of Civil Procedure or the Northern District of Florida Local Rules. The plaintiff's agreement to this statement is limited to instances where the Local Rules do not infringe upon his right to fully prosecute the case.

The final list of witnesses and exhibits will be due at a time designated by the Court. Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The pre-trial stipulations and pre-trial order will be due at a time designated by the Court.

The pretrial conference shall occur on a date on a date set by the Court, preferably 30 days after the deadline for dispositive motions.

The plaintiff is unable to estimate the length of time necessary for trial at this time. The United States anticipates the length of time necessary for trial to be one day.

This case should not be made subject to the Manual for Complex Litigation.

The parties anticipate that they will be prepared for trial in July of 2002.

5. Statements of Claims and Defenses.

<u>Defendant United States of America</u>

See Attachment B.

6. The proposed timetables and deadlines are set forth above. The parties respectfully seek their approval by the Court, in lieu of any conflicting dates in the Court's Initial Scheduling Order.

_____ Date: 7 Mar 2002
Ward Dean
8799 Burning Tree Road
Pensacola, Florida 32514
850-484-0595

THOMAS F. KIRWIN
United States Attorney

_____ Date: 03-05-02
Wendy Vann
Virginia Bar Number 40026
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5899
Facsimile: (202) 514-9868

## ATTACHMENT B

## STATEMENT OF THE UNITED STATES

Plaintiff has brought this action, pursuant to 26 U.S.C. § 6330, to appeal an IRS administrative determination that it is appropriate for the IRS to take action to collect the frivolous filing penalty assessed against the plaintiff with respect to the tax year 1997, in the amount of $500. The IRS assessed this frivolous filing penalty against the plaintiff with respect to the tax year 1997 because he had filed a "zero" return for that year – a return upon which he alleged incorrectly that he had no taxable income and owed no taxes. The IRS issued a Final Notice of Intent to Levy and a notice of the right to a hearing on the matter to the plaintiff on or about July 1, 2000.

Section 6330 of the Code provides that the taxpayer may request a hearing before levy. 26 U.S.C. § 6330(a). The hearing is called a "collection due process hearing." At the hearing, an official of the IRS Office of Appeals is to verify that the requirements of applicable law or administrative procedure have been met. 26 U.S.C. § 6330(c)(1). The person requesting the collection due process hearing may raise "any relevant issue relating to the unpaid tax or the proposed levy." The person at the hearing may also raise challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. 26 U.S.C. § 6330(c)(2)(B).

The plaintiff in this case challenged both the collection of the tax and the validity of the underlying liability. A due process collection hearing was conducted in which the plaintiff raised meritless arguments and failed to address other less intrusive means of collecting the liability at issue. The IRS established the validity of the underlying tax via a Certificate of Assessments and Payments. The IRS Appeals Officer properly determined that the IRS was authorized to pursue the collection of the frivolous filing penalty by levy, that the IRS had met all legal and procedural requirements, that the underlying tax liability at issue – the frivolous filing penalty – is correct, and that there were no other collection alternatives presented by the plaintiff for consideration. Plaintiff's Complaint is an appeal of this determination.