Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FLORIDA

| | |
|---|---|
| Ward Dean, M.D. )<br>)<br>    Plaintiff )<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>    Defendant. ) | 3:01cv430/LAC/MD |

### PLAINTIFF'S FIRST SET OF ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff demands that Defendant, within 30 days of service, admit or deny the following:

1) Admit that 26 USC 6330(c)(1) requires that the Appeals Officer shall, at the Collection Due Process (CDP) hearing, obtain "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."

2) Admit that whether or not Appeal's Officer Daniel L. Shirah provided, at the Collection Due Process (CDP) hearing, "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met"



pursuant to 26 USC 6330(c)(1) is a "relevant issue" as to whether or not the appeal's officer complied with the law.

3) Admit that Treasury Regulation 301.6330(e) requires the Appeal's Officer to provide "verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met."

4) Admit that if Appeal's Officer Shirah did not furnish plaintiff "verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met" he did not comply with the requirements of Treasury Regulation 301.6330(e).

5) Admit that at the CDP hearing the Appeal's Officer did not provide plaintiff with the verification from the Secretary as provided in 26 USC 6330(c)(1)

6) Admit that if the IRS never sent plaintiff the statutory Notice and Demand referred to in 26 USC 6303, 6321 and 6331 the IRS cannot lawfully seize plaintiff's property in connection with the taxes and penalties at issue.

7) Admit that the appeals officer never provided plaintiff with any proof that the statutory Notice and Demand for taxes and penalties allegedly due was ever sent to plaintiff.

8) Admit that whether or not the statutory Notice and Demand for payment was ever sent to plaintiff was a "relevant issue" as to whether or not the IRS can seize plaintiff's property (pursuant to 26 USC 6331) in connection with the taxes and penalties at issue.

9) Admit that the appeals officer never provided plaintiff with any official proof (either by way of a Treasury Decision or Treasury Regulation) that what he claimed was the statutory Notice and Demand was actually such a document.

10) Admit that Treasury Decision 1995 has never been revoked or repealed.

11) Admit that the IRS Form CP-15 is not the statutory Notice and Demand for payment.

12) Admit that no other Treasury Decision or Regulation identifies any other document as being the statutory Notice and Demand for payment.

13) Admit that the case, Turner versus Secretary of the Treasury, 84-2, USTC Para 9805, cited by the Appeals Officer, was a 1984 Tax Court case.

14) Admit that the case, Standifird versus Wilcox, cited by the Appeals Officer, is an Arizona District Court decision, currently under appeal.

15) Admit that pursuant to the provisions of 26 USC 6330 and Treasury Reg. 301.6330 plaintiff had the right to raise "challenges to the existence of the underlying liability" of the income tax upon which the penalty at issue was based.

16) Admit that it is not unreasonable for an American to seek to establish the legal authority of those Federal employees who are attempting to impose a penalty upon him.

17) Admit that plaintiff sought to determine the names of the IRS employees who allegedly imposed the frivolous penalty upon him (Exhibit C, original complaint, page 38, lines 4-10, and page 39, lines 13-23).

18) Admit that the appeals officer did not produce any document that supported the imposition of any penalty.

19) Admit that the appeals officer failed to produce the name or names of anyone responsible for imposing the frivolous penalty.

20) Admit that the appeals officer did not produce a job description or a delegation of authority that would show that those who might have imposed the frivolous penalty were authorized to do so.

21) Admit that whether or not 26 USC 6702 has an implementing Regulation is relevant as to whether or not plaintiff is required to pay the frivolous penalty at issue.

22) Admit that the appeals officer did not produce any *legislative,* implementing regulation for 26 USC 6702.

23) Admit that the appeals officer did not produce any proof that the Secretary "authorizes or sanctions" the "collection" of the taxes and/or penalties at issue nor that the Attorney General or his delegate directed that their collection should "be commenced" as provided in 26 USC 7401.

24) Admit that an offer by an alleged taxpayer to pay an alleged tax and penalty if the Appeals Officer could first show the alleged taxpayer a law that made him liable for and required him to pay the tax would be a "collection alternative."

25) Admit that Plaintiff offered, with checkbook in hand, to pay the tax and penalty if the Appeals Officer could show him, with the code book opened in front of him to

the Liability Section of the Index, any code section that made Plaintiff liable for an income tax.

26) Admit that the appeals officer never identified a legitimate Code Section that established a "liability" for income taxes.

27) Admit that (according to Exhibit C of Plaintiff's original complaint) the appeals officer did not produce *one* document or satisfactorily identify *one* Code Section or *one* Treasury Regulation that could legally support his "determination... that: (1) "levy is necessary for the efficient collection of these penalties;" (2) "it is an appropriate action that the penalty is warranted;" and (3) "the taxpayer has not suggested any collection alternatives,"

28) Admit that Code Section 6330 states that "No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

29) Admit that Plaintiff was never notified in writing by the Secretary of his right to such a hearing.

Respectfully submitted

*[signature]*

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida  32514
(850) 484-0595

## CERTIFICATION OF SERVICE

This is to certify that I have sent a copy of the foregoing FIRST SET OF ADMISSIONS via FedEx to:

J.D. Roy Atchison, Esq.
Asst U.S. Attorney
Northern District of Florida
21 East Garden Street Ste 400
Pensacola, Florida 32501-5603

J. Michael Melvin, Esq.
Associate Area Counsel
IRS
400 W. Bay Street, Room 564
Jacksonville, Florida 32202

Wendy Vann (202) 514-4899
Trial Attorney, Tax Division
U.S. DOJ
555 4th Street, N.W. Room 6221
Washington, DC 20001

Date 27 Mar 2002

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida 32514
850-484-0595

## CERTIFICATION OF SERVICE

This is to certify that I have sent a copy of the foregoing FIRST SET OF INTERROGATORIES via FedEx to:


J.D. Roy Atchison, Esq.
Asst U.S. Attorney
Northern District of Florida
21 East Garden Street Ste 400
Pensacola, Florida  32501-5603

J. Michael Melvin, Esq.
Associate Area Counsel
IRS
400 W. Bay Street, Room 564
Jacksonville, Florida  32202

Wendy Vann (202) 514-4899
Trial Attorney, Tax Division
U.S. DOJ
555 4th Street, N.W.  Room 6221
Washington, DC  20001


Date 27 Mar 2002

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida  32514
850-484-0595

4

## CERTIFICATION OF SERVICE

This is to certify that I have sent a copy of the foregoing FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS via FedEx to:

J.D. Roy Atchison, Esq.
Asst U.S. Attorney
Northern District of Florida
21 East Garden Street Ste 400
Pensacola, Florida 32501-5603

J. Michael Melvin, Esq.
Associate Area Counsel
IRS
400 W. Bay Street, Room 564
Jacksonville, Florida 32202

Wendy Vann (202) 514-4899
Trial Attorney, Tax Division
U.S. DOJ
555 4th Street, N.W. Room 6221
Washington, DC 20001

Date 27 Mar 2002

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida 32514
850-484-0595