IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

WARD DEAN                              )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )   Civil No. 3:01cv430 LAC/MD
                                       )
UNITED STATES OF AMERICA               )
                                       )
        Defendant.                     )

### UNITED STATES' RESPONSE TO "PLAINTIFF'S FIRST SET OF ADMISSION"

The United States, by and through the United States Attorney for the Northern District of Florida, responds to "Plaintiff's First Set of Admission" as follows:

1)   ADMIT THAT 26 USC 6330(C)(1) REQUIRES THAT THE APPEALS OFFICER SHALL, AT THE COLLECTION DUE PROCESS (CDP) HEARING, OBTAIN "VERIFICATION FROM THE SECRETARY THAT THE REQUIREMENTS OF ANY APPLICABLE LAW OR ADMINISTRATIVE PROCEDURE HAVE BEEN MET."

RESPONSE: Admits.

2)   ADMIT THAT WHETHER OR NOT APPEAL'S OFFICER DANIEL L. SHIRAH PROVIDED, AT THE COLLECTION DUE PROCESS (CDP) HEARING, "VERIFICATION FROM THE SECRETARY THAT THE REQUIREMENTS OF ANY APPLICABLE LAW OR ADMINISTRATIVE PROCEDURE HAVE BEEN MET"
       PURSUANT TO 26 USC § 6330(C)(1) IS A "RELEVANT ISSUE" AS TO WHETHER OR NOT THE APPEAL'S OFFICER COMPLIED WITH THE LAW.

RESPONSE:  Denies and avers that the "appeals officer shall at the hearing <u>obtain</u>



verification from the Secretary that the requirements of any applicable law or administrative procedure have been met" pursuant to 26 U.S.C. § 6330(c)(1).

3) ADMIT THAT TREASURY REGULATION 301.6330(E) REQUIRES THE APPEAL'S OFFICER TO PROVIDE "VERIFICATION FROM THE IRS OFFICE COLLECTING THE TAX THAT THE REQUIREMENTS OF ANY APPLICABLE LAW OR ADMINISTRATIVE PROCEDURE HAVE BEEN MET."

RESPONSE: Denies.

4) ADMIT THAT IF APPEAL'S OFFICER SHIRAH DID NOT FURNISH PLAINTIFF "VERIFICATION FROM THE IRS OFFICE COLLECTING THE TAX THAT THE REQUIREMENTS OF ANY APPLICABLE LAW OR ADMINISTRATIVE PROCEDURE HAVE BEEN MET" HE DID NOT COMPLY WITH THE REQUIREMENTS OF TREASURY REGULATION 301.6330(E).

RESPONSE: Denies.

5) ADMIT THAT AT THE CDP HEARING THE APPEAL'S OFFICER DID NOT PROVIDE PLAINTIFF WITH THE VERIFICATION FROM THE SECRETARY AS PROVIDED IN 26 USC 6330(C)(1).

RESPONSE: Denies.

6) ADMIT THAT IF THE IRS NEVER SENT PLAINTIFF THE STATUTORY NOTICE AND DEMAND REFERRED TO IN 26 USC 6303, 6321 AND 6331 THE IRS CANNOT LAWFULLY SEIZE PLAINTIFF'S PROPERTY IN CONNECTION WITH THE TAXES AND PENALTIES AT ISSUE.

RESPONSE: The United States objects to this request for admission as not relevant nor reasonably calculated to lead to discoverable evidence. Plaintiff's income tax liabilities are not at issue. The United States objects to this interrogatory as unclear and confusing in that it does not specify the tax period or type of tax to which the request for admission refers. The United States avers that plaintiff should have received notice of assessment and demand for payment of the 1997 frivolous filing penalty at issue in this

case prior to collection by levy.

7) ADMIT THAT THE APPEALS OFFICER NEVER PROVIDED PLAINTIFF WITH ANY PROOF THAT THE STATUTORY NOTICE AND DEMAND FOR TAXES AND PENALTIES ALLEGEDLY DUE WAS EVER SENT TO PLAINTIFF.

RESPONSE: Denies.

8) ADMIT THAT WHETHER OR NOT THE STATUTORY NOTICE AND DEMAND FOR PAYMENT WAS EVER SENT TO PLAINTIFF WAS A "RELEVANT ISSUE" AS TO WHETHER OR NOT THE IRS CAN SEIZE PLAINTIFF'S PROPERTY (PURSUANT TO 26 USC 6331) IN CONNECTION WITH THE TAXES AND PENALTIES AT ISSUE.

RESPONSE: : The United States objects to this request for admission as not relevant nor reasonably calculated to lead to discoverable evidence. Plaintiff's income tax liabilities are not at issue. The United States objects to this interrogatory as unclear and confusing in that it does not specify the tax period or type of tax to which the request for admission refers. To the extent that the request for admission relates to plaintiff's 1997 frivolous filing penalty, the United States admits the allegation.

9) ADMIT THAT THE APPEALS OFFICER NEVER PROVIDED PLAINTIFF WITH ANY OFFICIAL PROOF (EITHER BY WAY OF A TREASURY DECISION OR TREASURY REGULATION) THAT WHAT HE CLAIMED WAS THE STATUTORY NOTICE AND DEMAND WAS ACTUALLY SUCH A DOCUMENT.

RESPONSE: Denies that the appeals officer never provided plaintiff with proof that notice and demand was made. Admits that the appeals officer did not provide plaintiff with a copy of a Treasury Decision or Treasury Regulation with respect to notice and demand.

3

10)   ADMIT THAT TREASURY DECISION 1995 HAS NEVER BEEN REVOKED OR REPEALED.

RESPONSE: The United States is unable to either admit or deny this request for admission because it is unclear based upon the information provided in the request to which Treasury Decision plaintiff refers.

11)   ADMIT THAT THE IRS FORM CP-15 IS NOT THE STATUTORY NOTICE AND DEMAND FOR PAYMENT.

RESPONSE: Denies.

12) ADMIT THAT NO OTHER TREASURY DECISION OR REGULATION IDENTIFIES ANY OTHER DOCUMENT AS BEING THE STATUTORY NOTICE AND DEMAND FOR PAYMENT.

RESPONSE: The United States objects to this request as not relevant and overly broad and confusing. To the extent that a response is required, plaintiff denies.

13)   ADMIT THAT THE CASE, TURNER VERSUS SECRETARY OF THE TREASURY, 84-2, USTC PARA 9805, CITED BY THE APPEALS OFFICER, WAS A 1984 TAX COURT CASE.

RESPONSE: Admits.

14)   ADMIT THAT THE CASE, STANDIFIRD VERSUS WILCOX, CITED BY THE APPEALS OFFICER, IS AN ARIZONA DISTRICT COURT DECISION, CURRENTLY UNDER APPEAL.

RESPONSE: Admits.

15) ADMIT THAT PURSUANT TO THE PROVISIONS OF 26 USC 6330 AND TREASURY REG. 301.6330 PLAINTIFF HAD THE RIGHT TO RAISE "CHALLENGES TO THE EXISTENCE OF THE UNDERLYING LIABILITY" OF THE INCOME TAX UPON WHICH THE PENALTY AT ISSUE WAS BASED.

RESPONSE: The United States objects to this request for admission as vague, unclear, overly broad, not relevant, and not reasonably calculated to lead to admissible evidence. To the extent that a response is required, the United States denies the allegation.

16) ADMIT THAT IT IS NOT UNREASONABLE FOR AN AMERICAN TO SEEK TO ESTABLISH THE LEGAL AUTHORITY OF THOSE FEDERAL EMPLOYEES WHO ARE ATTEMPTING TO IMPOSE A PENALTY UPON HIM.

RESPONSE: The United States objects to this request for admission as overly broad, not relevant, and not reasonably calculated to lead to admissible evidence.

17) ADMIT THAT PLAINTIFF SOUGHT TO DETERMINE THE NAMES OF THE IRS EMPLOYEES WHO ALLEGEDLY IMPOSED THE FRIVOLOUS PENALTY UPON HIM (EXHIBIT C, ORIGINAL COMPLAINT, PAGE 38, LINES 4-10, AND PAGE 39, LINES 13-23).

RESPONSE: Admits that plaintiff sought the name of the individual who assessed the 1997 frivolous filing penalty.

18) ADMIT THAT THE APPEALS OFFICER DID NOT PRODUCE ANY DOCUMENT THAT SUPPORTED THE IMPOSITION OF ANY PENALTY.

RESPONSE: Denies.

5

19) ADMIT THAT THE APPEALS OFFICER FAILED TO PRODUCE THE NAME OR NAMES OF ANYONE RESPONSIBLE FOR IMPOSING THE FRIVOLOUS PENALTY.

RESPONSE: The United States objects to this request for admission in that it is not relevant or reasonably calculated to lead to discoverable evidence and avers that the United States is unable to response because the request is unclear and confusing regarding the meaning of the term "imposed."

20) ADMIT THAT THE APPEALS OFFICER DID NOT PRODUCE A JOB DESCRIPTION OR A DELEGATION OF AUTHORITY THAT WOULD SHOW THAT THOSE WHO MIGHT HAVE IMPOSED THE FRIVOLOUS PENALTY WERE AUTHORIZED TO DO SO.

RESPONSE: The United States objects to this request for admission in that it is not relevant or reasonably calculated to lead to discoverable evidence and avers that the United States is unable to response because the request is unclear and confusing regarding the meaning of the term "imposed."

21) ADMIT THAT WHETHER OR NOT 26 USC 6702 HAS AN IMPLEMENTING REGULATION IS RELEVANT AS TO WHETHER OR NOT PLAINTIFF IS REQUIRED TO PAY THE FRIVOLOUS PENALTY AT ISSUE.

RESPONSE: Denies.

22) ADMIT THAT THE APPEALS OFFICER DID NOT PRODUCE ANY *LEGISLATIVE,* IMPLEMENTING REGULATION FOR 26 USC 6702.

RESPONSE: The United States is unable to admit or deny this request for admission as the request's language regarding "legislative implementing regulation" is confusing and unclear. The United States also objects to the request on the grounds that a response is not relevant or reasonably calculated to lead to discoverable evidence.

23) ADMIT THAT THE APPEALS OFFICER DID NOT PRODUCE ANY PROOF THAT THE SECRETARY "AUTHORIZES OR SANCTIONS" THE "COLLECTION" OF THE TAXES AND/OR PENALTIES AT ISSUE NOR THAT THE ATTORNEY GENERAL OR HIS DELEGATE DIRECTED THAT THEIR COLLECTION SHOULD "BE COMMENCED" AS PROVIDED IN 26 USC 7401.

RESPONSE: The United States is unable to admit or deny this request as it is confusing, unclear, and compound. The United States further objects to this request as not relevant.

24) ADMIT THAT AN OFFER BY AN ALLEGED TAXPAYER TO PAY AN ALLEGED TAX AND PENALTY IF THE APPEALS OFFICER COULD FIRST SHOW THE ALLEGED TAXPAYER A LAW THAT MADE HIM LIABLE FOR AND REQUIRED HIM TO PAY THE TAX WOULD BE A "COLLECTION ALTERNATIVE."

RESPONSE: Denies.

25) ADMIT THAT PLAINTIFF OFFERED, WITH CHECKBOOK IN HAND, TO PAY THE TAX AND PENALTY IF THE APPEALS OFFICER COULD SHOW HIM, WITH THE CODE BOOK OPENED IN FRONT OF HIM TO THE LIABILITY SECTION OF THE INDEX, ANY CODE SECTION THAT MADE PLAINTIFF LIABLE FOR AN INCOME TAX.

RESPONSE: Admits.

26) ADMIT THAT THE APPEALS OFFICER NEVER IDENTIFIED A LEGITIMATE CODE SECTION THAT ESTABLISHED A "LIABILITY" FOR INCOME TAXES.

RESPONSE: The United States objects to this request for admission as not relevant and not reasonably calculated to lead to discoverable evidence. To the extent that a response is requested, the United States denies the allegation.

27) ADMIT THAT (ACCORDING TO EXHIBIT C OF PLAINTIFF'S ORIGINAL COMPLAINT) THE APPEALS OFFICER DID NOT PRODUCE *ONE* DOCUMENT OR SATISFACTORILY IDENTIFY *ONE* CODE SECTION OR *ONE* TREASURY REGULATION THAT COULD LEGALLY SUPPORT HIS "DETERMINATION... THAT: (1) "LEVY IS NECESSARY FOR THE EFFICIENT COLLECTION OF THESE PENALTIES;" (2) "IT IS AN APPROPRIATE ACTION THAT THE PENALTY IS WARRANTED;" AND (3) "THE TAXPAYER HAS NOT SUGGESTED ANY COLLECTION ALTERNATIVES."

RESPONSE: Denies.

28) ADMIT THAT CODE SECTION 6330 STATES THAT "NO LEVY MAY BE MADE ON ANY PROPERTY OR RIGHT TO PROPERTY OF ANY PERSON UNLESS THE SECRETARY HAS NOTIFIED SUCH PERSON IN WRITING OF THEIR RIGHT TO A HEARING UNDER THIS SECTION BEFORE SUCH LEVY IS MADE.

RESPONSE: Admits.

29) ADMIT THAT PLAINTIFF WAS NEVER NOTIFIED IN WRITING BY THE SECRETARY OF HIS RIGHT TO SUCH A HEARING.

RESPONSE: Denies.

THOMAS F. KIRWIN
United States Attorney

WENDY VANN
Virginia Bar No. 40026
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5899
Facsimile: (202) 514-9868

8

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to "Plaintiff's First Set of Admission" has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 26th day of April, 2002:

>Ward Dean
>8799 Burning Tree Road
>Pensacola, Florida 32514

>Wendy Vann
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 14198
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 514-5899