IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

WARD DEAN                          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        Civil No. 3:01cv430 LAC/MD
                                   )
UNITED STATES OF AMERICA           )
                                   )
                Defendant.         )

## MOTION FOR SUMMARY JUDGMENT

The United States moves for summary judgment in this appeal of the IRS'

determination, pursuant to 26 U.S.C. § 6330, that there was a valid assessment of the

frivolous filing penalty against the plaintiff with respect to the tax year 1997 and that

collection of it by levy is appropriate.

### I. Summary Judgment Standard

"Summary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which

are designed 'to secure the just, speedy and inexpensive determination of every action.'"

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  Pursuant to the Federal Rules of

Civil Procedure, summary judgment is proper —



OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2002 MAY -9  AM 10: 20

FILED



12

if the pleadings, depositions, answers to interrogatories, and admissions on
file, together with the affidavits, if any, show that there is no genuine issue
as to any material fact and that the moving party is entitled to a judgment
as a matter of law.  FED. R. CIV. P. 56(c).

As the party moving for summary judgment, the United States has the burden of

demonstrating that no genuine issue as to any material fact exists, and that it is entitled to

judgment as a matter of law.  Celotex, 477 U.S. at 323; Adickes v. S.H. Kress & Co., 398

U.S. 144, 157 (1970).  In considering this Motion, the Court must view the underlying

facts and all reasonable inferences drawn therefrom, in the light most favorable to the

non-moving party.  Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983).

## II.  **Summary of the Issues**

The issues to be decided by this Court are as follows:

(1) Whether the assessment of a $500 frivolous filing penalty with respect to the

federal income tax year 1997 which was made by the Internal Revenue Service against

the plaintiff, Ward Dean, is valid.

(2) Whether the Appeals function abused its discretion in determining that

collection by levy of the frivolous filing penalty assessed against plaintiff with respect to

the tax year 1997 is appropriate.

2

### III. __Statement of Facts__

Pursuant to Local Rule 56.1, the United States has filed a separate Statement of

Material Facts which is incorporated into this Motion by this reference.

### IV. __Discussion__

#### A. Overview

Section 6331 of the Internal Revenue Code of 1986 (26 U.S.C.) provides that, if a

person liable to pay a tax[1] neglects or refuses to pay such tax after notice and demand for

payment, the IRS may collect such tax by levy on property or rights to property

belonging to the taxpayer.  The IRS is required to provide the taxpayer with notice of the

intent to levy and the administrative appeals available to the taxpayer, before proceeding

with levy.  26 U.S.C. § 6331(d).

In 1998, Congress enacted a new law to provide taxpayers with additional

administrative rights in tax collection matters.  Section 6330 of the Code provides that the

IRS must notify a person of its intent to levy on property or rights to property and that

that person may request a hearing before levy.  26 U.S.C. § 6330(a).  The hearing is

called a "collection due process hearing."  The collection due process hearing includes

not only the meeting between the hearing officer and the taxpayer but also any written

correspondence regarding the substantive issues.  Treas. Reg. § 301.6330-1(d)(2) Q&A-

---

[1] The frivolous filing penalty at issue in this case, although denominated a "penalty," is a tax.  26 U.S.C. §§ 6671, 6702.

D6.  See also, Lunsford v. Commissioner, 117 T.C. no. 16 (November 30, 2001)

(Halpern, J. , concurring).

At the hearing, an official of the IRS Office of Appeals must verify that the

requirements of applicable law or administrative procedure have been met.  26 U.S.C.

§ 6330(c)(1).  The person requesting the collection due process hearing  may raise "any

relevant issue relating to the unpaid tax or the proposed levy." He or she may also raise

challenges to the existence or amount of the underlying tax liability for any tax period if

the person did not receive any statutory notice of deficiency for such tax liability or did

not otherwise have an opportunity to dispute such tax liability.  26 U.S.C. §

6330(c)(2)(B).  An issue may not be raised at a hearing if the issue was raised and

considered at a previous hearing under Section 6320[2] or in any other previous

administrative or judicial proceeding, and if the person seeking to raise the issue

participated meaningfully in such hearing or proceeding.  26 U.S.C. § 6330(c)(4).

Section 6330(d)(1) provides that the taxpayer may appeal the written

determination to the United States Tax Court or, if the Tax Court does not have

---

[2]Congress enacted 26 U.S.C. § 6320 as a companion provision to 26 U.S.C. § 6330 in the
Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat.
685 (codified as amended in scattered sections of 26 U.S.C.).  Section 6320 provides for notice
and an opportunity for a hearing upon the filing of a notice of lien, as opposed to notice of levy,
which is governed by Section 6330.  Section 6320(b)(4) states that a hearing under Section 6320
shall be held in conjunction with a hearing under Section 6330, and except for one provision,
Section 6320(c) incorporates Sections 6330(c), (d), and (e).

jurisdiction of the underlying tax liability, to a district court of the United States.  The
Tax Court has jurisdiction to redetermine the amount of certain tax deficiencies.  26
U.S.C. § 6214(a).  The deficiency procedure applies only to income taxes (Subtitle A),
estate and gift taxes (Subtitle B), and excise taxes regarding lobbying activities (Chapter
41), private foundations and tax exempt organizations (Chapter 42), qualified pension
plans (Chapter 43) and qualified investment entities (Chapter 44).  26 U.S.C. §§ 6211(a),
6212(a).  Deficiency procedures do not apply to frivolous filing penalties.  26 U.S.C.
§ 6703(b).  For this reason, plaintiff was entitled to challenge the underlying tax liability
subject to levy – i.e., the frivolous filing penalty assessed against him – at his Due
Process Collection Hearing, and may also challenge the validity of that penalty
assessment before this Court.

The IRS generally can take no action to collect the tax pending the hearing and
any subsequent judicial review.  26 U.S.C. § 6330(e)(1).  Judicial review is limited to
those issues raised during the collection due process hearing.  Treas. Reg. § 301.6330-
1(f), Q-F5.

B.  Standard of Review

In appeals of Collection Due Process determinations, courts review the validity of
tax assessments de novo, but review other determinations under an abuse of discretions
standard.  See, e.g., Konkel v. Commissioner, 2000 WL 1819417, 3 (M.D. Fla. 2000);
MRCA Information Services v. United States, 145 F. Supp.2d 194 (D. Conn. 2000);

Davis v. Commissioner, 115 T.C. 35, 39 (2000); Goza v. Commissioner, 114 T.C. 176,

181-182 (2000).  The Congressional Conferees' report on § 6330 provides as follows:

> [T]he appeals officer will prepare a written determination addressing the
> issues presented by the taxpayer and considered at the hearing. The
> determination of the appeals officer may be appealed to Tax Court or,
> where appropriate, the Federal district court. Where the validity of the tax
> liability was properly at issue in the hearing, and where the determination
> with regard to the tax liability is a part of the appeal, no levy may take
> place during the pendency of the appeal. The amount of the tax liability
> will in such cases be reviewed by the appropriate court on a de novo basis.
> Where the validity of the tax liability is not properly part of the appeal, the
> taxpayer may challenge the determination of the appeals officer for abuse
> of discretion. In such cases, the appeals officer's determination as to the
> appropriateness of collection activity will be reviewed using an abuse of
> discretion standard of review.

H.R. Conf. Rep. No. 599, 105th Cong., 2d Sess. 1998, 1998 U.S.C.C.A.N. 297, 1998 WL

915495 (Leg.Hist.), Pub. L. 105-206, 112 Stat. 685, Internal Revenue Service

Restructuring and Reform Act of 1998 (June 24, 1998).  Thus, the court reviews de novo

the first issue in this case, the validity of the assessment of the frivolous filing penalty

against the plaintiff.  However, the court reviews the determination that collection by levy

is appropriate under an abuse of discretion standard.

    C.  Validity of Assessment

    It is well settled in this circuit that tax assessments are presumptively valid.

Welch v. Helvering, 290 U.S. 111, 115 (1933); Olster v. Commissioner, 751 F.2d 1168,

1174 (11th Cir. 1985); Lunsford v. Commissioner, 212 F.2d 878, 882 (5th Cir. 1954).

The taxpayer has the burden of overcoming the presumption of correctness by proving

that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation.  <u>Olster</u>, 751 F.2d at 1174 (*citing* <u>Mersel v. United States</u>, 420 F.2d 517, 520 (5th Cir. 1970)); <u>United States v. Dixon</u>, 672 F. Supp. 503, 506 (M.D. Ala. 1987).  In this case, a Certificate of Assessment and Payments shows that a penalty in the amount of $500.00 was assessed against the plaintiff with respect to the tax year 1997. IRS records reflect that this penalty was a frivolous filing penalty assessed pursuant to 26 U.S.C. § 6702.  This assessment is presumptively valid.

Plaintiff contended at the Collection Due Process Hearing that the IRS must follow deficiency procedures prior to assessing a frivolous filing penalty.  This is patently wrong.  Section 6703 explicitly excepts assessment of penalties such as the one at issue from the deficiency procedures.

Further, plaintiff's 1997 federal income tax return clearly fell within the gambit of returns subject to a frivolous filing penalty under 26 U.S.C. § 6702.  Section 6702 provides as follows:

(a) Civil Penalty - If -

    (1) any individual files what purports to be a return of the tax imposed by subtitle A but which–
        (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
        (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

    (2) the conduct referred to in paragraph (1) is due to–
        (A) a position which is frivolous, or
        (B) a desire (which appears on the purported return) to delay or impede the administration then such individual shall pay a penalty of $500.

A frivolous return is one which (1) appears to be an IRS Form 1040 but contains altered

or incorrect descriptions of lined items or other provisions, (2) includes many or all line

items that are blank except for spurious constitutional objections, (3) contains insufficient

information by which to calculate the tax or contains inconsistent information, or which

reveals a frivolous position or attempt to impede the tax laws, or (4) shows an incorrect

tax due or a clearly reduced tax due to an unallowable deduction.  See S. Rep. 97-494(I),

277, 97th Cong., 2d Sess. 1982, 1982 U.S.C.A.A.N. 781, 1023-24.  Courts routinely

uphold frivolous filing penalties where the taxpayer has filed "zero" returns or otherwise

blatantly misrepresented their income or tax liability.  See, e.g., Kelly v. United States,

789 F.2d 94 (1st Cir. 1986); Madison v. United States, 752 F.2d 607 (11th Cir. 1985);

Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985); Lovell v. United States, 755

F.2d 517 (7th Cir. 1984); Nichols v. United States, 575 F. Supp. 320 (D.C. Minn. 1983).

Here, plaintiff's 1997 federal income tax return was clearly subject to a frivolous

filing penalty.  The return stated that the plaintiff had no income for the tax year 1997 and

owed no taxes with respect to that year, but also revealed that there had been

withholdings of federal income tax.  Plaintiff included with the return a letter raising

meritless tax protest arguments.  Plaintiff included with the return a Form W-2 and a

Form 1099-R showing that plaintiff received income during the tax year 1997.  Plaintiff's

1997 federal income tax return, thus, included information that on its face indicated that

the self-assessment was completely incorrect.  Clearly, by filing the "zero" return

8

containing insufficient information by which to calculate the tax, inconsistent information, and revealing an attempt to impede the tax laws, plaintiff took a frivolous position due to a desire to delay or impede the administration.

For these reasons the frivolous filing penalty assessed against the plaintiff with respect to the tax year 1997 is valid.

D.  Collection Due Process Hearing Determination

By law, the appeals officer, or Collection Due Process Hearing Officer, must consider certain matters in reaching his or her determination.  Section 6330 in relevant part provides as follows:

> (c) MATTERS CONSIDERED AT HEARING. – In the case of any hearing conducted under this section–
> (1) REQUIREMENT OF INVESTIGATION. – The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
> (2) ISSUES AT HEARING. –
> (A) IN GENERAL. – The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including–
> (i) appropriate spousal defenses;
> (ii) challenges to the appropriateness of collection actions; and
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
> (B) UNDERLYING LIABILITY. – The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.
> (3) BASIS FOR THE DETERMINATION. – The determination by an appeals officer under this subsection shall take into consideration–
> (A) the verification presented under paragraph (1);

(B) the issues raised under paragraph (2); and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

(4) CERTAIN ISSUES PRECLUDED. – An issue may not be raised at the hearing if –

(A) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and

(B) the person seeking to raise the issue participated meaningfully in such hearing or proceeding.

This paragraph shall not apply to any issue with respect to which subsection (d)(2)(B) applies.

The Appeals Officer at plaintiff's Collection Due Process Hearing, Daniel Shirah, complied with the appropriate provisions of §6330 and correctly determined that collection of the plaintiff's frivolous filing penalty by levy was appropriate.  Pursuant to 26 U.S.C. §6321, a lien arises by operation of law when a taxpayer fails to pay a tax liability after notice and demand thereof.  Appeals Officer Shirah confirmed that the IRS had followed the law with respect to this matter.   The validity of the underlying tax, the frivolous filing penalty, was verified through review of transcripts, the tax return, and a Certificate of Assessments and Payments.  The Certificate of Assessments and Payments shows the assessment, the date of notice to the taxpayer, and the taxpayer's failure to pay the liability.  As discussed above, the Certificate of Assessment and Payment is presumptively valid and the taxpayer has provided no legitimate challenge to the validity of the assessment.  Appeals Officer Shirah verified that notice of the tax and demand for payment, which is part of the notice pursuant to 26 U.S.C. § 6303(a), was made on

10

April 3, 2000, within 60 days of assessment as required by law.  Thus the frivolous filing penalty was assessed, notice and demand for payment were made upon the taxpayer, and the liability remains outstanding.  The Final Notice of Intent to Levy and Collection Due Process Notice were issued prior to any collection action being taken by the IRS as provided by 26 U.S.C. §§ 6330, 6331.   Thus, Appeals Officer Shirah properly determined that the law and procedures had been followed by the IRS.

The plaintiff raised no relevant matters pursuant to 26 U.S.C. § 6330(c)(2).  The taxpayer failed to suggest alternative means of collection or spousal defenses.  The taxpayer did not legitimately challenge the appropriateness of collection actions and instead raised meritless tax protest arguments including that his wages were not taxable income.

Finally, Appeals Officer Shirah considered whether the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Plaintiff presented no legitimate concerns that the collection action was more intrusive than necessary. He made no valid challenge to the frivolous filing penalty.  He did not suggest collection alternatives.  Considering the circumstances of this case, the efficient collection of taxes outweighs the slight intrusion of collection by levy or other means.

Thus, for the reasons set forth above, Appeals Officer Shirah did not abuse his discretion in reaching his determination that collection by levy was appropriate.

11

## V. **Conclusion**

For the reasons set forth above, the United States moves for summary judgment in its favor.

THOMAS F. KIRWIN
United States Attorney


WENDY VANN
Virginia Bar No. 40026
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5899
Facsimile: (202) 514-9868

12

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Motion for Summary

Judgment has been made upon the following by depositing a copy in the United States

mail, postage prepaid, this 8th day of May, 2002:

> Ward Dean
> 8799 Burning Tree Road
> Pensacola, Florida 32514

> Wendy Vann
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 14198
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 514-5899