IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

WARD DEAN )
)
          Plaintiff, )
)
    v. )    Civil No. 3:01cv430 LAC/MD
)
UNITED STATES OF AMERICA )
)
          Defendant. )

## STATEMENT OF MATERIAL FACTS

The United States, by and through the United States Attorney for the Northern

District of Florida, presents the following statement of indisputable facts in this case:

1. On or about April 20, 1999, the plaintiff, Ward Dean, filed a 1997 federal

income tax return, a true and correct copy of which is attached as Exhibit 1, Form 1040

EZ.

2. On his 1997 federal income tax return, the plaintiff stated that the total amount

of wages, salaries and tips that he received for the tax year 1997 was $0.00. Exhibit 1,

Form 1040EZ, line 1.

3. On his 1997 federal income tax return, the plaintiff stated that his adjusted

gross income was $0.00. Exhibit 1, Form 1040EZ, line 4.



OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2002 MAY -9  AM 10: 21



FILED

13

4. Plaintiff indicated that his taxable income for year 1997 was $0.00. Exhibit 1, Form 1040EZ, line 6.

5. On his 1997 federal income tax return, the plaintiff stated that the amount of tax owed by him for the tax year 1997 was $0.00. Exhibit 1, Form 1040EZ, line 10.

6. Plaintiff signed his federal income tax return for the tax year 1997 under penalty of perjury and, in doing so, declared that to the best of his knowledge and belief, the tax return was true and correctly and included all amounts and sources of income received during the 1997 tax year. See Exhibit 1, Form 1040EZ, signature block.

7. Plaintiff wrote on his 1997 federal income tax return the following: "signed and submitted under duress." See Exhibit 1, Form 1040EZ.

8. With his 1997 federal income tax return, plaintiff submitted a Form W-2, a true and correct copy of which is attached as Exhibit 2, from Vitamin Research Products showing that plaintiff earned $109,264.16 in wages, tips, and other compensation in 1997, and that federal income tax in the amount of $10,394.28 was withheld. Exhibit 2, Form W-2, lines 1-2.

9. With his 1997 federal income tax return, plaintiff submitted a Form 1099-R, "Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRSAs, Insurance Contracts, Etc," a true and correct copy of which is attached as Exhibit 3, Form 1099-R.

10.  The Form 1099-R shows for the 1997 tax year the plaintiff received a gross distribution of $37,236.00 and that $1,657.26 in federal income tax was withheld. Exhibit 3, Form 1099-R.

11.  Plaintiff included with his 1997 federal income tax return a letter to the Department of Treasury dated March 27, 1999, a true and correct copy of which is attached as Exhibit 4, and which argues that plaintiff was not required to file a return, that filing a federal income tax return violates the Fifth Amendment to the Constitution, that he received no income in 1997, that he is claiming a refund of withheld funds, and that the IRS may not change the return.

12.  On or about April 3, 2000, the Internal Revenue Service assessed a $500.00 frivolous filing penalty, pursuant to 26 U.S.C. § 6702, against the plaintiff.  Exhibit 5, Certificate of Assessments and Payments; Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 4.

13. Notice of the assessment of the frivolous filing penalty for the 1997 tax period and demand for payment was made by the IRS on April 3, 2000.  Exhibit 5, Certificate of Assessments and Payments; Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 5.

14.  On July 1, 2000, a Final Notice of Intent to Levy and Notice of Your Right to Hearing was issued to the plaintiff, Dean Ward, by the Internal Revenue Service.  The Notice advised the plaintiff of the IRS' intent  to levy upon, or possibly file a lien against, his property and rights to property.  Declaration of Former Appeals Officer Daniel Shirah, ¶ 6.

15.  Plaintiff requested a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330.  Exhibit 7, Request for Collection Due Process Hearing.

16.  On August 29, 2001, pursuant to 26 U.S.C. § 6330, as part of the Collection Due Process Hearing, a meeting between Appeals Officer Daniel Shirah and the plaintiff was held with respect to the IRS' intent to levy upon the property and rights to property of the plaintiff  with respect to the assessed frivolous filing penalty for the tax year 1997. Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 7.

17.  During the Collection Due Process Hearing, the plaintiff challenged the validity of the assessment of the frivolous filing penalty for the tax year 1997.  Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 8.

18.  During the Collection Due Process Hearing, the plaintiff did not suggest any alternative collection measures possible to avoid levying of his property.  Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 9.

4

19. During the Collection Due Process Hearing, plaintiff presented no concerns that the collection action was more intrusive than necessary. Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 10.

20. In considering the validity of the frivolous filing penalty, Appeals Officer Shirah considered the Certificates of Assessments and Payments, plaintiff's 1997 federal income tax return, and transcripts of plaintiff's account. Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 11.

21. In reaching his determination, Appeals Officer Shirah considered all matters set forth in the Notice of Determination and attachment thereto. Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 13 and exhibit B to the Declaration.

22. On October 10, 2001, Appeals Officer Shirah issued a Notice of Determination to the plaintiff concluding that collection by levy of the frivolous filing penalty assessed against plaintiff is appropriate, that the Internal Revenue Service had satisfied all legal and procedural requirements, that there were no spousal defenses relevant to the issue, that there were no collection alternatives to be considered, and that the frivolous filing penalty was correct. Exhibit 6, Declaration of Former Appeals Officer Daniel Shirah, ¶ 13 and exhibit B attached to the Declaration.

23.  On or about November 8, 2001, the plaintiff appealed the IRS' determination to this Court by filing this action.

THOMAS F. KIRWIN
United States Attorney


WENDY VANN
Virginia Bar No. 40026
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5899
Facsimile: (202) 514-9868

Department of the Treasury—Internal Revenue Service

**Form 1040EZ**

**Income Tax Return for Single and Joint Filers With No Dependents** (U) **1997** OMB No. 1545-0675

*Copy, Do Not Process*

| | |
|---|---|
| **Use the IRS label here** | Your first name and initial: *Ward*  Last name: *Dean* |
| | Your social security number: 566 60 2485 |
| | If a joint return, spouse's first name and initial  Last name |
| | Spouse's social security number |
| | Home address (number and street). If you have a P.O. box, see page 7.  Apt. no.: *8799 Burning Tree Road* |
| | City, town or post office, state, and ZIP code. If you have a foreign address, see page 7.: *Pensacola   Florida 32514* |

*QRJ 36*
*QRDT 23*

**Presidential Election Campaign** (See page 7.)

Note: Checking "Yes" will not change your tax or reduce your refund.

Do you want $3 to go to this fund? ▶

If a joint return, does your spouse want $3 to go to this fund? ▶

**Income**

Attach Copy B of Form(s) W-2 here. Enclose, but do not staple, any payment.

| | | | |
|---|---|---|---|
| **1** | Total wages, salaries, and tips. This should be shown in box 1 of your W-2 form(s). Attach your W-2 form(s). | 1 | ¢¢  ¢¢¢  ¢¢ |
| **2** | Taxable interest income. If the total is over $400, you cannot use Form 1040EZ. | 2 | ¢¢¢  ¢¢ |
| **3** | Unemployment compensation (see page 8). *Reed 032799* | 3 | |
| **4** | Add lines 1, 2, and 3. This is your **adjusted gross income.** If under $10,030, see page 9 to find out if you can claim the earned income credit on line 8a. | 4 | ¢¢  ¢¢¢  ¢¢ |

*Copy, Do Not Process*

Note: You must check Yes or No.

| | | | |
|---|---|---|---|
| **5** | Can your parents (or someone else) claim you on their return?  Yes. Enter amount from worksheet on back.  No. If **single,** enter 6,950.00. If **married,** enter 12,500.00. See back for explanation. | 5 | ¢2  ¢¢  ¢¢ |
| **6** | Subtract line 5 from line 4. If line 5 is larger than line 4, enter 0. This is your **taxable income.** ▶ | 6 | ¢¢  ¢¢¢  ¢¢ |

**Payments and tax**

| | | | |
|---|---|---|---|
| **7** | Enter your Federal income tax withheld from box 2 of your W-2 form(s). | 7 | 1 2  0 5 1  5 4 |
| **8a** | **Earned income credit** (see page 9). | 8a | |
| **b** | Nontaxable earned income: enter type and amount below.  Type | | |
| **9** | Add lines 7 and 8a. These are your **total payments.** | 9 | 1 2  0 5 1  5 4 |
| **10** | **Tax.** Use the amount on line 6 above to find your tax in the tax table on pages 20-24 of the booklet. Then, enter the tax from the table on this line. | 10 | ¢¢  ¢¢¢  ¢¢ |

*APR 20 1999*

**Refund**

Have it directly deposited! See page 12 and fill in 11b, 11c, and 11d.

| | | | |
|---|---|---|---|
| **11a** | If line 9 is larger than line 10, subtract line 10 from line 9. This is your **refund.** | 11a | 1 2  0 5 1  5 4 |
| **b** | Routing number | | |
| **c** | Type: Checking  Savings | | |
| **d** | Account number | | |

*JUN 11 1999*

*S2 CCLL CMSU*

*Copy, Do Not Process*

**Amount you owe**

| | | | |
|---|---|---|---|
| **12** | If line 10 is larger than line 9, subtract line 9 from line 10. This is the **amount you owe.** See page 14 for details on how to pay. | 12 | ¢  ¢¢¢  ¢¢ |

I have read this return. Under penalties of perjury, I declare that to the best of my knowledge and belief, the return is true, correct, and accurately lists all amounts and sources of income I received during the tax year.

**Sign here**

Your signature: *Ward Dean*   Date: *27 March 1999*   Your occupation: *NOVB*

Spouse's signature if joint return. See page 7.   Date   Spouse's occupation

For Official Use Only

**GOVERNMENT EXHIBIT**

Keep copy for your records.

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 18.   Cat. No. 14090A   **1998 Form 1040EZ**

*signed and submitted under duress*

...opy; Do Not Process

| a Control number | | OMB No. 1545-0008 | Copy B To Be Filed With Employee's FEDERAL Tax Return |
| --- | --- | --- | --- |

**a Control number**
53

**b Employer's identification number**
38-0345627

**c Employer's name, address, and ZIP code**
VITAMIN RESEARCH PRODUCTS
3579 HIGHWAY 50 EAST
CARSON CITY, NV 89701

| 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| --- | --- |
| 109264.16 | 10394.28 |
| 3 Social security wages | 4 Social security tax withheld |
| 65400.00 | 4054.74 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 109264.16 | 1584.45 |
| 7 Social security tips | 8 Allocated tips |
| 0.00 | 0.00 |

**d Employee's social security number**
566 60 2485

| 9 Advance EIC payment | 10 Dependent care benefits |
| --- | --- |
| 0.00 | 0.00 |
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 0.00 | 0.00 |
| 13 See Instrs. for box 13 | 14 Other |

**e Employee's name, address, and ZIP code**
WARD DEAN, M.D.
3799 BURNING TREE ROAD
PENSACOLA, FL 32514

| 15 Statutory employee | Deceased | Pension plan X | Legal rep. | Hshld emp. | Deferred compensation |
| --- | --- | --- | --- | --- | --- |

| 16 State | Employer's state I.D. No. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc | 21 Local income tax |
| --- | --- | --- | --- | --- | --- | --- |
| FL | | 109264.16 | 0.00 | | | |

Department of the Treasury—Internal Revenue Service

Form **W-2** **Wage and Tax Statement** **1997**

This information is being furnished to the Internal Revenue Service.

GOVERNMENT EXHIBIT
2
PENGAD-Bayonne, N.J.

12/25/14   03:10 FAX                                                      ☑003

| | | |
|---|---|---|
| | ⬜ CORRECTED (if checked) | |

| PAYER'S name, street address, city, state, and ZIP code | 1 Gross distribution | OMB No. 1545-0119 | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|---|
| Defense Finance and Accounting Service Cleveland Center PO Box 99191 Cleveland OH 44199-1126 | $  37236.00 | | |
| | 2a Taxable amount | | |
| | $  37236.00 | 1997 | |

| PAYER'S Federal identification number | RECIPIENT'S identification number | 2b Total distribution ⬜ |
|---|---|---|
| 34-0727612 | 566602485 | |

| RECIPIENT'S name, address, and ZIP code | 4 Federal income tax withheld | 7 Distribution code | Copy B |
|---|---|---|---|
| | $  1657.26 | 7 | Report this income on your Federal tax return. If this form shows Federal income tax withheld in Box 4, attach this copy to your return. |
| BARCODED PRESORT WARD F DEAN PO BOX 11097 PENSACOLA FL  32524-1097 | 9 Your percentage of total distribution                    % | | |
| | 10 State income tax withheld | 11 State/Payer's state number | |
| | $ | | |
| | $ | | This information is being furnished to the Internal Revenue Service. |

RETIRED

| Form 1099-R | (6-92) | Department of the Treasury-Internal Revenue Service |
|---|---|---|

Cut Here  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - *Copy D* - - - - - - - - - - - - - - - - -

GOVERNMENT
EXHIBIT
3

PENGAD-Bayonne, N. J.

**Ward Dean, M.D.**
**8799 Burning Tree Road**
**Pensacola, Florida 32514**
**(904) 484-0595**
**(904) 477-8610 (FAX)**
*drdean@powerh.net*



27 March, 1999

Department of the Treasury
Internal Revenue Service
Atlanta, Georgia 39901

Dear Sir,

Reference your Notice CP-515 F, dtd 02-22 1999, *Request for Your Tax Return*. Enclosed herewith, per your letter, is my Form 1040 for 1997.  Please include this letter as an attachment to the return.

I am submitting this income tax return, even though I believe that no section of the Internal Revenue Code requires me to do so.  I have been unable to find any Code Sections which: 1) Establishes an income tax "liability" as, for example, Code Sections 4401, 5005, and 5703 do with respect to wagering, alcohol, and tobacco taxes; or 2) Provides that income taxes "have to be paid on the basis of a return" as, for example, Code Sections 4374, 4401(c), 5061(a) and 5703(b) do with respect to other taxes.  I am filing anyway because I know the government has prosecuted others for failing to file income tax returns by (erroneously) invoking Code Sections 7201 and 7203. Therefore, this return is not being filed voluntarily, but is being filed out of fear that if I did not file this return I could also be (illegally) prosecuted for failing to file an income tax return for the year 1997.

In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places:

   1)  In one place, it states that I need only file a return for "any tax" for which I may be "liable."  Since no Code Section that I know of makes me "liable" for income taxes, I do not believe that I am required to file an income tax return.

   2)  In another place, the Privacy Act Notice directs me to Code Section 6001. This section provides, in relevant part, that "Whenever in the judgment of

GOVERNMENT
EXHIBIT
4

12/25/14  03:11 FAX                                                    ☑ 005

the Secretary it is necessary, he may require any person *by notice served on such person;* or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for the tax under this title." Since the Secretary of the Treasury did not "serve" me with any such "notice" and since no legislative regulation that I know of exists requiring anyone to file an income tax return, I believe that the "Privacy Act Notice" indicates that I am not required to file an income tax return.

Furthermore, Sections 6103(h) and (i) provide that all return information can be used against me to determine and impose both criminal and civil fines and penalties. Therefore, I do not believe I can be lawfully compelled to provide information to the government that could be used against me in this manner, consistent with my Fifth Amendment right not to be compelled to be a witness against myself. Fifth Amendment protection applies to any proceeding, civil or criminal, administrative or judicial, and may be invoked in connection with federal income taxes. See *U.S. v. Argomaniz,* 925 F. 2d 1349 (11th Cir. 1990); *Cincinnati v Bawtenheimer,* 63 Ohio St. 3d, page 260, and *Troescher v. U.S. No. 93-5736 SVW[SHx]).*

With respect to the information included in my return, please note that the courts have ruled that: "A (1040) form with 'zeros' inserted in the space provided... qualified as a return." See *U.S. v. Long,* 618 F 2d 74 (9th Cir. 1980); *US. v. Kimball,* 896 F. 2d 1218 (9th Cir. 1990); and *U.S. v. Moore,* 627 F. 2d 830 (7th Cir. 1980). Furthermore, a Las Vegas bankruptcy court also recently held that "Zeroes entered on a Form 1040 constitutes a return," in *Cross v. U.S.,* 91-2 USTC p. 50, 318, Banker. L. Rep p. 7404.

I had "zero" income in 1997. This is in accordance with the Supreme Court's definition of income (See Note #1). In *Merchant's Loan & Trust Co. v. Smietanka,* 255, U.S. 509, (at pages 518 & 519), that court held that "The word (income) must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act of 1909." Therefore, since I had no earnings in 1997 that would have been taxable as "income" under the Corporation Excise Tax Act of 1909, I can only swear to having "zero" income in 1997. Obviously, since I know the legal definition of "income," if I were to swear to having received any other amount of "income," I would be committing perjury under both 18 U.S.C. 1621 and U.S.C. 7206. Therefore, not wishing to commit perjury under either statute, I can only swear to having "zero" income for 1997.

Please note that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. My return and claim for refund is based on 13 Supreme Court decisions, 9 Internal Revenue Code Sections, 3



12/25/14  03:11 FAX                                                    ✉006

Privacy Act Notice provisions, and numerous other references. As such, it can not be termed "frivolous" *on any basis* as the term is defined and understood. Additionally, my return is not designed to "delay or impede the administration of Federal income tax laws." Furthermore, I do not believe that any IRS employee has any delegated authority to impose a "frivolous" penalty, nor am I aware of any *legislative* regulation which implements Section 6702.  Therefore, I believe that Statute is benign.

Please note that my 1997 return also constitutes a claim for refund, pursuant to Code Section 6402.  Since no assessment for 1997 income taxes (as provided for in Chapter 63) has ever been made against me, the IRS has no legal basis to hold the balance of my money it is now holding for 1997 income taxes.

Do not notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that. You might prepare a return (pursuant to Code Section 6020(b), where no return had been filed. But since a return has now been filed, no statute authorizes IRS personnel to "change" that return.

Should the Service disagree with the figures and amounts shown on my tax return and claim for refund, then I demand an office or field audit to discuss these differences.  Such an audit is required by the *Administrative Procedures Act* (APA), 5 USC 551 (1), as provided and specified for in *Treasury Regulation 601.105* and as specified and provided for in IRS documents, *Publication 5, Appeal Rights and Preparation of Protests for Unagreed Cases*, and *Publication 1, Your Rights As A Taxpayer*, before any "changes" in my return are made and/or any penalties are proposed or imposed. In addition, if any "determination" is made that changes in my return are warranted, I demand to be notified as to where and when I may "inspect" the "text of any written determination and any background file documents relating to such a determination" as provided by 26 USC 6110.

I will hold IRS employees who disregard the statutes, court decisions, Privacy Act Notice provisions and other references contained in this document accountable, pursuant to 26 USC 7214 and 18 USC 241. Section 7214 makes it a crime for IRS agents to seek to extract "other or greater sums than authorized by law" and to engage in "extortion and willful oppression under color of law."  To the extent that any IRS employees capriciously, wantonly, and arbitrarily disregard the court decisions, statutes, and other references contained in this document, they will be in criminal violation of these statutes, and are accordingly being put on such notice.

Yours truly,

Ward Dean, M.D.

3

*Note #1: The word "income" is not defined in the Internal Revenue Code (*US v. Ballard*, 535 F.2d 400, 404). As stated above, income can only be a derivative of corporate activity. The Supreme Court has held this numerous times. "Whatever difficulty there may be about a precise artful scientific definition of 'income,' it imports, as used here... the idea of gain or increase arising from corporate activities" (*Doyle v. Mitchell*, 247 U.S. 179). "Certainly the term 'income' has no other meaning in the 1913 Act than in that of 1909 (See; *Stratton's Independence v. Howbert*, 231 U.S. 406, Pages 409-413) and...we assume that there is no difference in its meaning as used in the two acts." *Southern Pacific Co. v. John V. Lowe Jr.*, 247 U.S. 330, 335; *Bowers v. Kerbaugh-Empire Company*, 271 U.S. 170 (1926 page 174); *Goodrich v. Edwards*, 255 U.S. 527; *United States v. Supplee-Biddle Hardware Co.*, 256 U.S. 189; *United States v. Phellis*, 257 U.S. 156; *Miles v. Safe Deposit & T. Co*, 259 U.S.247; *Irwin v. Gavit*, 268 U.S. 161; *Edwards v. Cuba R. Co.*, 268 U.S.628; *Burnett v. Harmel*, 287 U.S. 103, 108, (1932); *Lucas v. Earl*, 281 U.S. 111

4



# United States  of America

### Department of the Treasury
### Internal Revenue Service

Date: April 08, 2002

## CERTIFICATE OF OFFICIAL RECORD

   I certify that the annexed:  Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.  All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein.  I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of  1  page(s) _____

under the custody of this office.

IN WITNESS WHEREOF,  I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:



Operations Manager, Accounting Control/Services
Internal Revenue Service
Submission Processing Center
Atlanta, Georgia

GOVERNMENT
EXHIBIT
5

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

WARD DEAN                              EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1997

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| | MISCELLANEOUS PENALTY<br>07254-459-52035-0  200012 | 500.00 | | 04-03-2000 |
| | ADDITIONAL TAX ASSESSED<br>07254-459-52035-0  200012 | 0.00 | | 04-03-2000 |
| 07-01-2000 | INTENT TO LEVY COLLECTION<br>DUE PROCESS NOTICE<br>LEVY NOTICE ISSUED | | | |
| 07-05-2000 | INTENT TO LEVY COLLECTION<br>DUE PROCESS NOTICE<br>RETURN RECEIPT SIGNED | | | |
| 04-03-2000 | Statutory Notice of Balance Due | | | |
| 05-29-2000 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    1

```
           CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------

WARD DEAN                            EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1997
------------------------------------------------------------------------------


BALANCE          500.00
          --------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

          --------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:

PRINT NAME:___Kathleen R Bushnell_____

TITLE:__Operations Manager, Accounting Control/Services___

DELEGATION ORDER:_____81_____


LOCATION: INTERNAL REVENUE SERVICE
          DORAVILLE, GA

          ACCOUNT STATUS DATE 04/08/2002

FORM 4340  (REV. 01-2002)                    PAGE    2
```

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WARD DEAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:01cv430 LAC/MD |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF FORMER APPEALS OFFICER DANIEL SHIRAH

1. I, Daniel Shirah, Badge No. 72-19320, was an employee of the Internal

Revenue Service and was assigned as an Appeals Officer in the Birmingham Appeals

Office of the Internal Revenue Service, Birmingham, Alabama, at the time that

plaintiff requested a Collection Due Process Hearing and through the time that the

IRS reached a determination in regard to the Collection Due Process Hearing. I have

since retired from the Internal Revenue Service. The name Daniel Shirah is not a

pseudonym.

2. In the course of performing my duties, I had access to and I examined the

records of the Internal Revenue Service in connection with the federal tax liabilities

of the plaintiff, Ward Dean, and have knowledge that the records reflect the facts

stated herein.

GOVERNMENT
EXHIBIT
6

3. I was assigned to conduct the Collection Due Process Hearing requested by plaintiff Ward Dean with respect to the collection of a frivolous filing penalty assessed against him for the income tax year 1997.

4. On April 3, 2000, a delegate of the Secretary of the Treasury assessed a $500 frivolous filing penalty against the plaintiff, Ward Dean, for the federal income tax year 1997.

5. Internal Revenue Service records reflect that notice of this assessment has been given and demand for its payment was made on April 3, 2000.

6. On July 1, 2000, a "Final Notice of Intent to Levy and Notice of Your Right to Hearing" was issued to the plaintiff, Dean Ward, by the Internal Revenue Service. The Notice advised the plaintiff of the IRS' intent to levy upon his property and rights to property.

7. On August 29, 2001, pursuant to 26 U.S.C. § 6330, as part of the Collection Due Process Hearing, I met with plaintiff, Dean Ward, regarding the IRS' intent to levy upon his property and rights to property in order to collect the frivolous filing penalty assessed against him with respect to the tax year 1997.

8. At the Collection Due Process Hearing, the plaintiff, Dean Ward, challenged the validity of the assessment of the frivolous filing penalty for the tax year 1997 and claimed that the IRS must follow certain deficiency procedures prior to assessment of the frivolous filing penalty. Otherwise, the plaintiff only raised meritless tax protest issues including that wages, as compensation for services, are not taxable income.

9. At the Collection Due Process Hearing, the plaintiff, Dean Ward, did not suggest any alternative collection measures.

10. Plaintiff presented no concerns at the hearing that the collection action was more intrusive than necessary.

11. In considering the validity of the frivolous filing penalty, I examined, among other items, a Certificate of Assessments and Payments showing that plaintiff had been assessed a $500 penalty for the tax year 1997, the plaintiff's 1997 federal income tax return, and transcripts of the plaintiff's account. A copy of the Certificate of Assessments and Payments relied upon is attached as Exhibit A. IRS records reflect that the $500 penalty was a frivolous filing penalty for the tax year 1997.

13. On October 10, 2001, I issued a Notice of Determination to the plaintiff, Ward Dean, concluding that collection by levy of the frivolous filing penalty assessed against plaintiff is appropriate, that the Internal Revenue Service had satisfied all

legal and procedural requirements, that there are no spousal defenses relevant to the

issue, that there are no collection alternatives to be considered, and that the frivolous

filing penalty is correct.  I considered all matters set forth in the Notice of

Determination and attachment thereto.  A true and correct copy of the Notice of

Determination is attached to this Declaration as Exhibit B.

     I declare under the penalty of perjury, pursuant to 28 U.S.C. sec. 1746, that the

foregoing is true and correct.

     Executed this _18_ day of _April_____, 2002.

Daniel Shirah



# United States   of America

**Department of the Treasury**
**Internal Revenue Service**

Date: August 14, 2001

### CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:   Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.  All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein.  I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of   1   page(s)

under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Chief, Revenue Accounting Branch
Internal Revenue Service Center
Southeast Region, Atlanta, Georgia

GOVERNMENT
EXHIBIT
A
to Declaration

Catalog Number 19002E

Form 2866 (Rev. 12-92)

```
       CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------

WARD DEAN                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      PERIOD ENDING: DEC  1997

                                   ASSESSMENT,    PAYMENT,    ASSESSMENT
DATE       EXPLANATION OF TRANSACTION  OTHER DEBITS   CREDIT    DATE (23C,
                                   (REVERSAL)   (REVERSAL)   RAC 006 )
----------------------------------------------------------------------------


           MISCELLANEOUS PENALTY         500.00              04-03-2000
           07254-459-52035-0  200012

           ADDITIONAL TAX ASSESSED         0.00              04-03-2000
           07254-459-52035-0  200012

07-01-2000 INTENT TO LEVY COLLECTION
           DUE PROCESS
           LEVY NOTICE ISSUED

07-05-2000 INTENT TO LEVY COLLECTION
           DUE PROCESS
           RETURN RECEIPT SIGNED

04-03-2000 Statutory Notice of Balance Due

05-29-2000 Statutory Notice of Intent to Levy


FORM 4340  (REV. 10-2000)              PAGE     1
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

WARD DEAN                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN       PERIOD ENDING: DEC  1997
------------------------------------------------------------------------

BALANCE          500.00

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Carolyn J. Wilkinson_

PRINT NAME: _Carolyn J. Wilkinson_

TITLE _Acting Chief, Accounting Branch_

LOCAL DELEGATION ORDER: _____ 81 _____


LOCATION: INTERNAL REVENUE SERVICE
          DORAVILLE, GA

          ACCOUNT STATUS DATE 08/14/2001

FORM 4340  (REV. 10-2000)              PAGE    2

Internal Revenue Service
Birmingham Appeals Office
801 Tom Martin Drive
Room 257
Birmingham, AL 35173

Date: OCT 1 0 2001

Ward Dean
8799 Burning Tree Road
Pensacola, FL 32514

Department of The Treasury
Small Business/Self Employed

**Person to Contact:**
  Daniel L. Shirah
**Contact Person ID#:**
  72-19320
**Telephone Numbers:**
  (205) 912-5440
  FAX (205) 912-5445
**Refer Reply to:**
  SB/SE:AP:DLS
**Taxpayer Identification No.:**
  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
**Tax Period(s) Ended:**
  199712
**In Re:**
  Due Process Appeal (District Court)

**CERTIFIED MAIL**

### NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Dean:

We have reviewed the proposed collection action for the period(s) shown above.  This letter is your legal Notice of Determination, as required by law.  A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.  We have also attached a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters which verifies the information contained on the TXMODA given to you at the Hearing.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law.  The courts cannot consider your appeal if you file late.  If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

Letter 3194-c ( 01/1999)

GOVERNMENT
EXHIBIT
B
to Declaration

- 2 -

Attachment to Letter 3194-c

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office  for action consistent with the determination summarized below and described on the enclosed pages(s).

If you have any questions, please call the person whose name and telephone number are shown above.

**Summary of Determination:**

We have determined that Compliance may pursue the collection of the liability through the issuance of a levy.  The Service has met all legal and procedural requirements.  The underlying liability is correct.  The spousal defense is not a relevant issue.  You have not presented any collection alternative for consideration.

Sincerely,

*Edward E. Easterling*
Edward E. Easterling
Appeals Team Manager

Enclosure:
Copy of  Form 4340 & Form 2866

Letter 3194-c ( 01/1999)

- 3 -

Attachment to Letter 3194-c

| **Type of Tax Due** | **Period** |
| --- | --- |
| IRC §6702 | 199712 |

## Applicable Law and Administrative Procedures

IRC §6330(c)(1) provides the appeals officer shall obtain verification from the Secretary the requirements, of any applicable law or administrative procedure, have been met. With the best information available, the requirements or various applicable law and administrative procedures have been met.

IRC §6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Before the Service can enforce it's levy, the following elements that must be present:

1.  A valid assessment.
2.  Notice and demand for payment.
3.  Failure of the taxpayer to pay the amount due within 10 days from the notice and demand for payment.

1.  A valid assessment.

IRC §6703 specifically provides that the usual deficiency procedures for income taxes shall not apply to the penalty for filing a frivolous income tax return. The taxpayer's remedy is to pay 15 percent of the penalty (i.e., $75), file a claim for refund with the IRS, and commence an action for refund in a district court if the claim is denied. See Turner v. Secretary of Treasury , 84-2 USTC ¶9805.

A TXMODA, indicates that the Service assessed the penalty on 4/3/2000. A Form 4340 confirms the assessment. The U.S. District Court for the District of Arizona agreed that the appeals officer was entitled to rely on the IRS computer transcripts and Form 4340 in making his decision. Standifird v. Wilcox, 87 AFTR2d Par. 2001-1058 (D. Az. June 12, 2001).

- 4 -

Attachment to Letter 3194-c
   2.  Notice and Demand

IRC §6331(a) gives the Secretary the authority to collect taxes by levy, if any person liable to pay any tax neglects or refuses to pay the liability within 10 days after *notice and demand.*

A TXMODA, indicates that on 4/3/2000 the Service mailed an initial notice and demand for payment in the form of a letter, CPO15.  This notice is issued to inform the taxpayer that a Civil Penalty has been assessed. Form 4340 confirmed this.  On 5/29/2000, the Service mailed another form letter, CP504.  This notice is a fourth notice-balance due notice.  The taxpayer confirmed the receipt of the letter CP015 and allowed the Appeals Officer to review his copy during the Hearing.  See Standifird, supra for proposition that appeals officer may rely on transcripts.

   3.  Failure of the taxpayer to pay within 10 days from notice and demand.

A TXMODA indicates that the penalty has not been paid.
IRC §6331(d) requires that the Service must notify a taxpayer at least 30 days before a notice of levy may be issued.  IRC §6330(a) states that no levy may be made unless the Service notifies a taxpayer of the right to request a hearing before an Appeals Officer at least 30 days prior to serving the levy.

The ACS (Automated Collection Service), Jacksonville, Florida, mailed a Letter 1058(Rev 01-1999)(LT-11), *Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing*, on 7/1/2000.  A copy of a certified mailing list from the ACS, a TXMODA showing TC 971cc69 on 7/1/2000, and a copy of the taxpayer's letter attached to his Form 12153 confirm this.

IRC §6330(b)(3) provides that the hearing be conducted by and officer who has had no prior involvement with respect to the unpaid tax.  I have had no prior involvement with respect to this liability.

IRC § 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing.

**Relevant Issues Presented by the Taxpayer-Challenges to Existence or Amount of the Liability**

You argued that the frivolous return penalty is not warranted.  You argued that the Form 1040EZ you filed for 1997 was correct.

You also argued that the penalties are no warranted for the following reasons:

   • There is no section of the Internal Revenue Code (IRC) that makes you liable for the income taxes.

- You had "zero" income because the definition of income as provided in <u>Merchant's Loan & Trust Co. v. Smietanka,</u> 255 U.S.509, (at pages 518 & 519), is  "The word 'income' is not defined in the Internal Revenue Code (*U.S. v. Ballard,* 535 F.2d 400, 404).  As stated above, income can only be a derivative of corporate activity."….

- There is no IRC or Regulation, which requires you to file a tax return.

You further argued that the collection action is not appropriate for the following reasons:

- "Since the IRS denied all of my requests for the initial 'examinations' and 'interviews' as provided for in IRS Publications 1 and 5." [1]
- "no valid, underlying assessment was ever made.  I never received the statutory 'Notice and Demand' for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331. "

Under very similar facts, the District Court for the Northern District of Ohio determined that the frivolous penalty is warranted.  See <u>Joseph T. Tornichio, Plaintiff, vs. U.S.</u>, 98-1 USTC ¶50,299, decided March 12, 1998. In that case, the Court stated that:

" 'The Code states a tax is 'hereby imposed on the taxable income of every individual'. 26 U.S.C. @1.  'Taxable income' means gross income minus deductions permitted under the Code.  26 U.S.C. @63(a).  'Gross income' means 'all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services…"

" Relatedly, Plaintiff argues 'income' should be interpreted as limited to corporate activities, and not include wages.  He relies on a series of Supreme Court cases rendered shortly after ratification of the Sixteenth Amendment, and which define the scope of corporate income.  None of those cases, however, stands for the proposition that only corporate income is taxable.  To the contrary, like Richards, supra, many of these cases state; 'income may be defined as gain derived from capital, from labor, or from both combined'………"the Supreme Court quoted the income statute at the time as imposing a tax on 'every person residing n the United States…upon the entire net income arising and accruing from all sources.' Thus, the plain language of the authorities upon which Plaintiff belies his position."

IRC §6012 provides that "Returns with respect to income taxes under subtitle A shall be made by the following:
"(1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount, …"

---

[1] Letter dated 7/6/00 to P.S. LaRue, Chief, Automated Collection Branch

Attachment to Letter 3194-c

Also see the following court cases, which are not exhaustive but merely illustrative of the decisions that the frivolous return penalty is applicable relating to the taxpayer husband's argument that wages are not taxable income. **Michael A. Beard v. US**, 86-1 USTC 9216, **Robert M. Howard and Carolyn M. Howard v. US**, 86-1 USTC 9125, and **Joseph T. Tornichio v. US**, 98-1 USTC 50,299.

IRC § 6702 provides for an immediate assessment of a $500 civil penalty against individuals who file frivolous income tax returns or frivolous amended income tax returns. The intent of the law is to stop the flow of returns, amended returns, or documents which purport to be returns, that contain altered line items or claim unallowable deductions or credits based on a frivolous position.

The penalty can be asserted when the return form (a) does not contain sufficient information to judge the correctness of the tax, or (b) contains information that on its face indicates the self-assessment is incorrect, and (c) the conduct referred to in (a) or (b) is due to a position which is frivolous or a desire to delay or impede the administration of the tax laws.

The government has the burden of proving the penalty is justified. See **Karpowycz v. US**, 84-1 USTC 9515. Per **Lester Wayne McQuary v. Sec. Of the Treasury & US**, 85-2 USTC ¶9817, IRC §61 unambiguously states that gross income includes "compensation for services." Moreover, all courts considering the issue that compensation for labor or services paid in the form of wages or salaries is income taxable under the income tax laws have universally held it to be taxable income. **Turner v. Secretary of Treasury**, 84-2 USTC ¶9805.

Based on the returns themselves, along with the attachments to the returns, the self-assessments are incorrect and the positions taken are frivolous.

**Collection Alternatives Considered**

You did not request/present any collection alternative. As stated earlier, you argued that the penalty is not applicable; therefore, no amount is due and no collection action is applicable.

**Balancing Efficient Collection and Intrusiveness**

IRC §6330 requires that the Appeals Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Based on all the facts and circumstances of this case Appeals believes that levy is necessary for the efficient collection of these penalties. It is an appropriate action due to the fact that the penalty is warranted, and the taxpayer has not suggested any collection alternatives.

_5761_

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

_(Print)_ Taxpayer Name(s): _Ward Dean_

_(Print)_ Address: _8799 Burning Tree Road_

Daytime Telephone Number: _850-484-0595_ Type of Tax/Tax Form Number(s): _1040_

Taxable Period(s): _12-31-1997_

Social Security Number/Employer Identification Number(s): _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_

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ **Filed Notice of Federal Tax Lien  (Explain why you don't agree.  Use extra sheets if necessary.)**

_X_ **Notice of Levy/Seizure (Explain why you don't agree.  Use extra sheets if necessary.)**

_See attached letter_

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Ward Dean  7 July 2000_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee _(Print)_: _Susanne Cox_  IRS Received Date: _8/28/2000_

Employee Telephone Number: _904-348-3205_

GOVERNMENT
EXHIBIT
7

**Ward Dean, M.D.**
**8799 Burning Tree Road**
**Pensacola, Florida  32514**
**(850) 484-0595 / 474-5255 / 477-8610 (Fax)**
drdean@powerh.net

6 July 2000

P.S. LaRue
Chief, Automated Collection Branch
Department of the Treasury
Internal Revenue Service
P.O. Box 47-421
Doraville, Georgia  30362

Dear Mr. LaRue,



Ref your Letter 1058 (Rev 01-1999) (LT-11), *Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing*, dated July 1, 2000.

Your letter stated that it is your intent to levy under IRC Section 6331, and notified me of my right to receive Appeals consideration under IRC Section 6330.  You stated that you may file a *Notice of Federal Tax Lien*.

I have attached Form 12153 to request an Appeals Hearing, in accordance with IRC Section 6330.  I am requesting a "Due Process Hearing" as outlined in Form 12153.  I challenge "the appropriateness of the collection action" as specified in Section 6330 (c)(2)(A)(ii), since the IRS denied all of my requests for the initial "examinations" and "interviews" as provided for in IRS Publications 1 and 5.

I do not believe any lien for taxes pursuant to Code Sections 6321 and 6322 is possible because as far as I know, no valid, underlying assessment was ever made.  I never received the statutory "Notice and Demand" for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331.  If the Appeals Officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I request that he also provide me with a T.D. or Treasury Regulation which identifies that specific document as being the official, statutory "Notice and Demand" for payment.

I am  "challenging the existence of the underlying tax liability" as I am authorized to do in Code Section 6330(c)(2)(B). I did not receive a valid Deficiency Notice in connection with the year at issue.  I request that the Appeals Officer have at the Due Process Hearing a copy of the "Summary Record of Assessment (Form 22C) together with the "pertinent parts of the assessment which sets forth (1) the name of the taxpayer, (2) the date of the assessment, (3) the character of the liability assessed, (4) the taxable period, and (5) the

amount assessed as provided for in Treasury Regulation 301.6203-1. In addition, I want to see proof that a purported Deficiency Notice was actually sent to me.

I also request that the Appeals Officer have the "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," in accordance with Section 6330 (c) (1). If the verification called for by 6330 (c) (1) is signed by someone other than the Secretary himself, then I request that the Appeals Officer have a Delegation Order from the Secretary delegating to that person the authority to prepare such a "verification."

Code Section 6331 requires certain elements before any appeals officer can recommend the seizure of any property. First, I must be statutorily "liable to pay" the tax in question. It is only after one "neglects or refuses to pay the same within 10 days after notice and demand," that his property can be subject to seizure. Therefore, in addition to the requirement that the Appeals Officer identify the statute that makes me "liable to pay" the tax in question, he needs to have a copy of the "notice and demand" which I allegedly "neglected" and "refused" to pay.

In addition, I don't believe I can be "liable" to pay an income tax if the tax has never been assessed against me as required by Code Sections 6201 and 6203. Consequently, I will need to see a copy of the record of my assessments. Since all assessments have to be based on filed returns, I will have to see a copy of the return upon which any claimed assessment is based, IAW Code Section 6201 (a) (1).

Please arrange for this hearing to be held in the IRS office in Pensacola, Florida.

Yours truly,

Ward Dean, M.D.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Statement of Material

Facts has been made upon the following by depositing a copy in the United States mail,

postage prepaid, this 8th day of May, 2002:

Ward Dean
8799 Burning Tree Road
Pensacola, Florida 32514

Wendy Vann
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5899

7