## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA

WARD DEAN)

               Plaintiff,          )

                               )

               v.              )          Civil No. 3:01cv430 LAC/MD

                               )

UNITED STATES OF AMERICA   )

                               )

             Defendant.      )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### SUMMARY JUDGMENT STANDARD

In addition to the normal burden of demonstrating that no genuine issue of material fact exists, as stated in Celotex , infra, there is the dual additional burden in this type of proceeding stemming from 26 U.S.C. 6703 Section 6703. Rules applicable to penalties under sections 6700, 6701, and 6702:

(a) Burden of proof
     In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2002 MAY 28  PM 4: 2.

FILED

proof with respect to such issue shall be on the Secretary.
      The Secretary must prove any contention that he puts forth.
Presumptive evidence is not sufficient.

      As the party moving for summary judgment, the United States has
the burden of demonstrating that no genuine issue as to any material fact
exists, and that it is entitled to judgment as a matter of law. *Celotex Corp*
*v. Catrett*, 477 U.S. 317 at 323; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,
157 (1970).

      Substantive law determines which facts are material. *Anderson* v.
*Liberty Lobby,* 477 US 242,248 (1986);  *Jessinger* v. *Nevada Federal*
*Credit Union,* 24 F.3d 1127 at 1130;  Disputes over facts that might affect
the outcome of the suit under the governing law will preclude the entry of
summary judgment. *Anderson,* 477 US at 248. The dispute must also be
genuine, that is, "the evidence is such that a reasonable jury could return a
verdict for the nonmoving party." *id.*

      Summary judgement should not be used to weigh evidence or to try
any disputed issues of material fact.  It is only to test whether or not there
are any genuine issues of material fact.  It is only to test whether or not
there are any genuine issues of material fact in dispute; *Federal Deposit*
*Insurance Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.,
1992); *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453 (9th Cir., 1985) and
should only be granted when it can be shown that no genuine issue of
material fact exists and further when only one inference can be drawn
from the undisputed facts. *Braxton-Secrety,v. A.H. Robins Co.*, 769 F.2d
528 (9th Cir., 1985); *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676 (9th Cir.,
1984).

      In considering a Motion for Summary Judgement, the entire record, including
verified pleadings, depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, must show that there is no genuine issue of
material fact in dispute. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301 (9th Cir., 1982);

Long v. Bureau of Economic Analysis, 646 F. 2d 1310, vacated 454 US 934, 102
S. Ct. 468, 70 L.Ed.2d 242, on remand 671 F.2d 1229, on remand 566 F.Supp.
799.

The Defendant as the party moving for Summary Judgement bears the
ultimate burden of proof that there is no genuine issue of material fact in dispute.
*EEOC v. Ratliff*, 906 F.2d 1314 (9th Cir., 1990); *High Gays v. Defense Industry
Sec.*, 895 F.2d 563 (9th Cir., 1990).  This burden requires the moving party to
make a prima facie showing that it is entitled to summary judgement.  This means
that the party seeking Summary Judgement always bears the burden of informing
the trial Court of the basis for its motion, and identifying those portions of the
pleadings, depositions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, which it believes demonstrate the absence of a genuine
issue of material fact. *Celotex Corp.* v. *Catrett,* 477 US at 323.

Before a court considers the Motion, the moving party must establish that it
has met its initial burden of production. *Adickesv. S.H. Kress&Co.,* 398US 144,
157-161 (1970); 1963 *Advisory Committee's Notes on Fed Civ Rule 56(e),* 28
USC App, p 626 [USCS Court Rules, Fed Rules of Civ Proc, Notes following
Rule 56].

If the Motion for Summary Judgment reveals, either on its face or for a
reason which comes to the attention of the Court, that the moving party has failed
to discharge its initial burden of demonstrating that the there is no genuine issue
of material fact in dispute, the nonmoving party is not under any obligation to
respond to the Motion for Summary Judgment and the moving party would
certainly not be entitled to a grant of the motion. *Kaiser Cement Corp.* v.
*Fischbach and Moore, Inc.,* 793 F.2d 1100, 1104 (9th Cir., 1986); *Lew* v. *Kona
Hospital,* 754 F.2d 1420, 1423 (9th Cir., 1985); Sheet *Metal Workers' Intern.
Ass'n, Loca1355, Sheet Metal Workers' Intern. Ass'n, AFL-CIO* v. *NL.R.B.,* 716

F.2d 1249, 1254 (9th Cir., 1983); *Hibernia Nat. Bank* v. *Administration Cen. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir., 1985).

As the forthcoming discussion will show, the evidence used in support of the Motion for Summary Judgment to "verify compliance" with the law and procedures cannot be considered by this Court in deciding the Motion for Summary Judgment.

In considering this Motion, the Court must view the underlying facts and all reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 ,587 (1986); <u>Sweat v. Miller Brewing Co.</u>, 708 F.2d 655, 656 (llth Cir. 1983).

Summary judgment is inappropriate because there are several significant issues of material fact in dispute.

## <u>SUMMARY OF THE ISSUES</u>

The issues before this Court are:

1.  Whether the Defendant met the legally sufficient burden of proof required for a Summary Judgment;

2.  Whether the IRS lawfully imposed the $500 frivolous penalty against Plaintiff with respect to Plaintiff's 1997 federal income tax return;

3.  Whether there was a valid Assessment of the penalty;

5.  Whether a statutory notice and demand for payment was sent to Plaintiff;

6.  Whether Plaintiff had any underlying liability for the tax;

7.  Whether the Appeals Officer Shirah obtained "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," pursuant to IRC Section 6330 (c)(1) or provided "verfication from the IRS office collecting the tax" that the "requirements of any applicable law

or administrative procedure have been met" as he was "required" to do pursuant to Treas. Reg. 301.6330-IT (e);

8. Whether Plaintiff at the Hearing Offered a Collection Alternative;

9. Whether Appeals Officer Shirah, despite his failure to provide documents in compliance with the law and IRS regulations and numerous requests from Plaintiff, abused his discretion in issuing the Determination in questions against Plaintiff.

## STATEMENT OF FACTS

Pursuant to Local Rule 56.1 Plaintiff has filed a separate Statement of Material Facts which is incorporated herein by this reference.

## ARGUMENT

### A. The Defendant had the Burden of Proof and Failed to Meet It

The Defendants are attempting to collect a $500.00 penalty for an alleged frivolous return filed by the Plaintiff for the year 1997. The provisions of 26 USC § 6703(a) are unequivocal. In any proceeding involving the penalty assessed under 26 USC § 6702, the Secretary (or his lawful delegate, as evidenced by a legally sufficient delegation order) has the burden of proof that the Plaintiff is liable for the penalty.

5

That burden upon the Defendant is both the burden of production as well as the burden of persuasion as to both the procedural validity of the assessment of the penalty as well as the merits of the assessment of the penalty, that is whether the Plaintiff did in fact file a frivolous return. In order to meet the burden that the Plaintiff did in fact file a frivolous return, the Defendant would be required to produce the determination that the return was frivolous. The Defendant did not.

At the Collection Due Process Hearing all the Defendant produced was a Certificate of Assessments and Payments (Certificate) which it used in support of its Motion for Summary Judgment,[2] and a printout of the Plaintiffs Individual Master File (IMF) "literal transcripts" for the alleged assessment of the frivolous return penalty.  [Exhibit A, p. 15 line 20-p. 16 line 3]  This IMF transcript is not admissible as proof of anything without proper foundation. *Huff* v. *United States,* 10 F.3d 1440 (91h Cir., 1993); *United States* v. *Buford,* 889 F.2d 1406, 1407 (51h Cir., 1989).

Even if the standard of review in this Court is *de novo* instead of generally accepted standards for review of agency actions which are arbitrary and capricious[3] or supported by substantial evidence[4], or unreasonable[5] the Certificates are not admissible in this Court to prove compliance with the procedures and law. Even in

---

[2] The Collection Due Process Hearing was held on August 21, 2000. The Certificates of Assessments and Payments were not even prepared until September 6, 2000, 17 days after the hearing. 26 USC § 6330(c)(I) requires that the hearing officer "obtain at the hearing" verification of compliance with the law and procedures. Generating the Certificates 17 days later is obtaining at the hearing.

3 *Morongo BandofMission Indians* v. *FAA,* 161 F.3d 569,573 (91h Cir., 1998)

4 *Meanelv.Apfel,* 172F.3d 1111, 1113 (9lhCir., 1999)

5 *Price Rd. Neighborhood Ass'n* v. *United States Dept. of Transp.* , 113 F .3d 1505, 1508 (9thCir., 1997)

*de novo*[6] review, the Court is limited to the record that would have been present in the agency.  This Court's review of the record and proceeding is simply plenary;  it looks at the record anew and may even substitute its own judgment for that of the agency.

Since the record from the agency only included the certificate and the "literal transcripts" the Defendant could not have met the burden of proof mandated by 26 USC § 6703(a).  In addition, the "literal transcripts" are absent any references whatsoever to the Notice of Assessment, or any other Notice for that matter, required to be sent in accordance with 26 USC §6303. Having failed to prove that the Plaintiff filed a frivolous return or that any of the requisite Notices were sent, this Court should deny the Defendant's Motion for Summary Judgment.

In addition, the record of the Collection Due Process Hearing shows that the Defendant's Determination Letter regarding the frivolous return penalty is unsupported. Thus, the Plaintiff is entitled to judgment as to the frivolous return penalty as a matter of law and this Court should grant the Plaintiff summary judgment. This court has the authority to *sua sponte* grant summary judgment to the non-moving party of the moving party had a "full and fair opportunity to ventillate the issues involved in the Motion." *Waterbury* v. *TG. & Y. Stores Co.,* 820 F2d 309 (9th Cir., 1987); *Cool Fuel Co.* v. *Connett,* 685 F .2d 309 (9th Cir., 1982) (District Court granted non- moving party summary judgment after denying moving parties Motion for Summary Judgment); *United States* v. *Grayson,* 879 F.2d 620,625 (9th Cir., 1989) (Sua sponte grant of summary judgment on Grayson' s counterclaim after

[6] The legislative reports suggest that the standard of review for the Courts from the collection due process hearing is in some instances *de novo* and in others *abuse of discretion.*  See *Goza v. Commissioner,* 114 TC 176, 181 (2000).

a Motion for Summary Judgment had been fully argued against United States' complaint).[7]

## B.  Defendant Failed to Provide Proof That the Penalty Was Lawfully Imposed

No document imposing the penalty at issue was ever produced by the Defendant, either at the Collection Due Process hearing or during the course of this litigation nor proof that those who allegedly determined and imposed the penalty at issue were authorized to do so.  (Exhibit A, p. 32, line 21, to p. 33, line 7), other than a computer printout which the Appeals Officer claimed was such a document.

Section 6703. Rules applicable to penalties under sections 6700, 6701, and 6702

(a) Burden of proof
In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such issue shall be on the Secretary.

---

[7] In the event that the Court concludes that it has jurisdiction over the income tax assessments discussed in Part II of this response, then the Plaintiff likewise submits that he is also entitled to summary judgment setting aside the September 14,2000 determination letter. The Certificates for the 1990 and 1991 income tax assessments carry the same fatal flaw as the Certificates for the frivolous return penalties. They were created 17 days after the hearing. The Defendants also presented at the hearing the IMF "literal transcripts" for the income tax assessments. Like the IMP "literal transcripts" for the frivolous return penalties, the ones for the income tax assessments are lacking all references to any of the notices required by law. Therefore, no verification was made at the hearing that the law and procedures were complied with as required by 26 USC § 6330( c )( I )

## C.  No Lawful Assessment Has Been Made

Plaintiff also asked (Exhbit B) that the Appeals Officer have at the CDP hearing:

(a) "A copy of the '*Summary Record of Assessment* (Form 23C) together with the 'pertinent parts of the assessment which set forth: (1) the name of the taxpayer, (2) the date of the assessment, (3) the character of the liability assessed, (4) the taxable period, and (5) the amount assessed," as provided for in Treas. Reg. 301.6203-1.

(b) Proof that such an assessment exists.  Since all valid penalties must be properly assessed, the existence of such an assessment is a "relevant" issue.

An assessment may be presumptively valid. A Certificate of Assessment and Payments, however, has been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption. Rocovich v. U.S., 933 F.2d 991, 993 (Fed.Cir.1991); Chila, 871 F.2d at 1018. However, it must also be procedurally valid. These proceedings differ from those of the Tax Court, or review by this Court of a Tax Court decision, the burden of proof (26 USC 6703(a)) is on the Secretary. The law in this circuit is that an assessment is not valid if not signed and dated by an assessment officer on a Form 23C.

In 1967, the United States Court of Appeals for the Fifth Circuit ruled on a case concerning the issue of assessment. *See* Brafman v. United States, 384 F. 2d 863 (5 Cir. 1967). The Fifth Circuit found that the threshold issue was the validity of the underlying assessment and reversed the lower court's decision when it held that a valid assessment had not been made. In *Brafman*, the documents used to support the United States' claim of an assessment were photostated copies of documents that were not signed by any official, let alone an assessment officer. The court stated:

9

"We are not moved by the Government's argument that the assessment was valid and effective on July 23rd because it is certified for authenticity under the seal of the United States Treasury. There is no question as to the authenticity of the document or its admissibility into evidence. **But authenticity of the certificate cannot be equated with validity of the assessment on the alleged date: a seal establishes the former, a signature of the assessment officer -- as required by the Treasury Regulations -- establishes the latter.** (emphasis added).

We find section 301.6203-1 of the Treasury Regulations reasonably adapted to carry out the intent of Congress as reflected in § 6203 of the Code. We therefore adhere to our pronouncement in United States v. Fisher, 5 Cir. 1965, 353 F.2d 396, 398-399, that:

"In the absence of any better test, we give effect to the generally recognized rule that Regulations issued by the Secretary of the Treasury, pursuant to statutory authority, and when necessary to make a statute effective, although not a statute, may have the force of law. *Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S. Ct. 144, 75 L. Ed. 397; Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S. Ct. 695, 92 L. Ed. 831."*

**The Treasury Regulations are binding on the Government as well as on the taxpayer:** "Tax officials and taxpayers alike are under the law, not above it." Pacific National Bank of Seattle v. Commissioner, 9 Cir. 1937, 91 F.2d 103, 105. **Even the instructions on the reverse side of the assessment certificate, Form 23C, specify that the original form "is to be transmitted to the District Director for signature,** after which it will be returned to the Accounting Branch for permanent filing." (emphasis added).

In reaching its ultimate conclusion, the Court further held that:

"We recognize that in sustaining Mrs. Brafman's contention regarding lack of proper assessment within the limitations period we are disposing of this case on what could be termed a "technical defense". As the district court said in *United States v. Lehigh, W.D. Ark. 1961, 201 F. Supp. 224, 234,* this is both true and immaterial:

Any procedural defense is in a sense "technical." **The procedures set forth in the Internal Revenue Code were prescribed for the protection of both Government and taxpayer. Neglect to comply with those procedures may entail consequences which the neglecting party must be prepared to face, whether such party be the taxpayer or the Government.** (emphasis added).

Certainly the courts have not hesitated to strictly enforce the Code requirement that a taxpayer's returns must be signed to be effective. Thus, unsigned returns, even with remittances, have been viewed as nullities from the standpoint of imposition of penalties and of commencement of the running of the statute of limitations. It has availed the taxpayer little that his failure to sign was inadvertent.

In Brafman, there was an assessment certificate that was not signed by the proper official, as prescribed by the applicable Treasury Regulation, within the statutory period after the filing of the estate tax return.

In the case at bar Plaintiff challenged the procedural validity of the assessment itself and demanded to see the document as he believed it to be either deficient, or non-existent. The Plaintiff is in the position of having to prove a negative. The Burden in this instance is now on the Secretary, doubly so, as 26 USC 6703 places the burden on the Secretary, as does the Supreme Court. In the case of <u>United States v. Denver and Rio Grande</u> 191 U.S. 84, 48 L. Ed. 106, 24 S. Ct. 33 (1903), the court stated that the party who is in control of the evidence to disprove a negative must come forward with that evidence or this Court must presume that the properly executed assessment does not exist:

"When a negative is averred in pleading, or plaintiff's case depends upon the establishment of a negative, and the means of proving the fact are equally within the control of each party, then the burden of proof is upon the party averring the negative; but when the opposite party must, from the nature of the case, himself be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, **then it is manifestly just and reasonable that the party which is in possession of the proof should be required to adduce it; or, upon his failure to do so, we must presume it does not exist, which of itself establishes a negative**." Great Western R. R. Co. v. Bacon, 30 Illinois, 347; King v. Turner, 5 M. &. S. 206. (Emphasis added)

While the Certificate of Assessments and Payments may be afforded a presumption of correctness, failure to produce the assessment document itself must be afforded the presumption by this Court that the assessment does not exist. Thus the levy would be unlawful.

The burden is on the Secretary to produce a properly executed assessment on a Form 23C. The Hearing Officer did not do so. This Court must presume that one does not exist. There is a significant issue of material fact in dispute as to whether a lawfully appointed assessment officer ever prepared and signed a lawful assessment. The levy can not go forward without a lawful assessment. In failing to obtain the assessment document itself the hearing Officer abused his discretion by failing to verify in accordance with the burden placed upon the Secretary

**D.  No Statutory Notice and Demand for Payment Sent to Plaintiff**

Plaintiff asked that the Appeals Officer have at the CDP hearing documented proof that the statutory  "Notice and Demand" for payment of the penalty allegedly due (as required by Code Section 6331) had been sent [Exhibit B]

Defendant admitted having never seen nor having knowledge of TD 1955 regarding the Notice and Demand Form 17A.  [Exhibit A, p. 24, lines 2-22]

Furthermore, both the Appeals Officer and the Attorney for the Defendant confuse the Notice of Deficiency for the Statutory Notice and Demand for payment.

The sole authorized document for Notice and Demand is that which is designated through Treasury Decision 1995--a Form 17. [Exhibit C] Plaintiff has never received a statutory notice and demand for payment.  As the burden is on the Secretary in this action through  §6703 (supra) and United States v. Denver and Rio Grande, supra, the government must produce the document, or, documentation that the Form 17 has been superseded, and a copy of the documentation as to what it has been superseded by. Failing in this, this Court must presume that a proper Notice and Demand does not exist, United States v. Denver and Rio Grande, supra, and was not served on Plaintiff.

Plaintiff was never sent the statutory Notice and Demand for payment, with respect to the penalty at issue.

## E.  Defendant Failed to Prove Plaintiff Had Any Underlying Liability for the Tax

No statute establishes an underlying liability for the income tax pursuant to which the penalty at issue is allegedly related.  The Defendant has not identified any such statute—neither at the Collection Due Process hearing nor in the course of this litigation.

Section 6330(c)(2)(B) provides that "The person may also raise at the hearing challenges to the existence…of the underlying liability" if the person "did not receive any statutory notice of deficiency for such tax liability…"

Plaintiff asked that the Appeals Officer have at the CDP hearing  The statute that made Plaintiff "liable" for the income tax at issue, in the same manner as the Code establishes "liabilities" for other kinds of federal taxes identified by Plaintiff.

Despite having an Internal Revenue Code in front of him, opened to the Liability section of the Index, the Appeals Officer could not show a liability statute.

Mr. Shirah desperately and falsely claimed that Code Section 1, which imposed a tax on "taxable income," is the statute that established the underlying tax liability (Exhibit D, p. 41, L. 14-p. 42, L. 15; p. 44, L. 21-p. 45 L. 18).

## F.  Defendant Failed to Provide Verification that the requirements of any applicable law or administrative procedure have been met:

Section 6330(c)(1) provides that "The Appeals Officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."

Plaintiff also asked [Exhibit B] that the Appeals Officer have at the CDP hearing the "*verification from the Secretary* that the requirement of any applicable law or administrative procedure have been met" as required by 6330(c)(1).

Section 6330(c)(3) specifically states (in pertinent part) that the "Determination by an Appeals Officer under this subsection *shall* take into consideration – (A) the verification *presented* under paragraph (1)." [Emphasis added]

## G.  Plaintiff Offered Collection Alternative

At the Collection Due Process Hearing, the Plaintiff offered, as a collection alternative, to pay the taxes and penalty immediately if the Defendant could identify any code section which made Plaintiff liable for the tax. [Exhibit A, p. 40, line 21-p. 41, line 8; p. 48, line 19-p. 49, line 11].

## CONCLUSION

At the "hearing" [Exhibit A] the Appeals Officer did not:

a) Produce and present to Plaintiff the "verification from the Secretary" as required by Section 6330(c) (Exhibit A, p. 25 L. 19-P. 26, L20; and p. 30 L. 14-p. 31 L.2).

b) Produce any document signed by any Defendant employee that authorized the imposition of the "frivolous penalty" at issue (Exhibit A, p. 33, L. 6- p. 35, L. 7; and p. 36 L. 23-p. 37, L. 9).

c) Produce any Delegation of Authority from the Secretary that authorized any Defendant employee to impose the "frivolous penalty" at issue (Exhibit A, p. 37, L. 9-p. 38, L 23).

d)  Identify or produce any Treasury Department regulation that authorized Defendant employees to impose the "frivolous penalty" at issue or required Plaintiff to pay such a "frivolous penalty" (Exhibit A, p. 37, L. 9-p. 38, L 23).

e)  Produce any statute that established the "existence...of the underlying liability" of the tax for which the "frivolous penalty" had been imposed (Exhibit A, p. 40, L. 13-p. 42, L. 15).

f)  Produce the statutory notice and demand for payment that was allegedly sent to Plaintiff for the year at issue, and 2) the "verification from the Secretary" as required by Code Sections 6330(c)(1) and 6330(c)(3)(A).

g)  Produce any document that provided "verification from the IRS office collecting the tax" that the "requirements of any applicable law or administrative procedure have been met" as he was "required" to do pursuant to even the watered down Treas. Reg. 301.6320-IT (e).

h)  Produce or identify *the statutory Notice and Demand for payment* that is required to be sent out by Code Section 6331, without which no seizures pursuant to Code Section 6331 are legally possible [Exhibits C and D].

i) Address the issues raised by Plaintiff with respect to the Code Sections that established the "liability" for the taxes at issue, and the requirement that such taxes "be paid" as such provisions appear in the Internal Revenue Code in connection with numerous other federal taxes [Appendix A, p. 40, L. 21-p. 43, L23].

j) Produce or identify any document, regulation, or Treasury Decision that supports the Appeals Officer's claim that a CP-15 or CP-504 qualify as the

*statutory Notice and Demand* for payment required by law [Appendix A, p. 19, line 12-.p. 20, line 12].

k) Produce any sworn Affidavit to contest Plaintiff's claim that Plaintiff never received the statutory Notice and Demand for payment required to be sent out by Code Sections 6331 (a).

**WHEREFORE,** The Plaintiff has clearly shown that the Defendant failed to substantiate its entitlement to a grant of Summary Judgment with respect to the frivolous return penalty and showed that the Plaintiff is actually entitled to judgment setting aside the Determination letter for the alleged frivolous return penalty assessments.

Accordingly, and for the foregoing reasons this Court must deny the Motion to Dismiss or for Summary Judgment and should grant the Plaintiff summary judgment, or in the alternative, oral arguments to obtain same.

Respectfully submitted,

_____

Ward Dean, MD
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595
Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was sent by United States mail this 28 day of May, 2002 to:  Wendy Vann, Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 14198, Ben Franklin Station, Washington, D.C.  20044

_____

Ward Dean, MD