IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Ward Dean ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:01cv430 LAC/MD |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF MATERIAL FACTS

COMES NOW the Plaintiff, Ward Dean, to present the following statement of facts in this case:

1. On or about April 20, 1999, the plaintiff, Ward Dean, filed a 1997 federal income tax return, Form 1040.

2. On his 1997 federal income tax return, the plaintiff stated that the total amount of statutory wages, salaries and tips comprising *gross income* that he received for the tax year 1997 was $0.00.

3. On his 1997 federal income tax return, the plaintiff stated that his adjusted gross income was $0.00.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2002 MAY 28  PM 4: 22

FILED

4.   Plaintiff indicated that his taxable gross income for year 1997 was $0.00.

5.   On Plaintiff's 1997 federal income tax return, plaintiff stated that the amount of tax owed by him for the tax year 1997 was $0.00.

6.   Plaintiff signed his federal income tax return for the tax year 1997 under penalty of perjury and, in doing so, declared that to the best of his knowledge and belief, the tax return was true and correct and included all amounts of *gross income* received during the 1997 tax year.

7.   Plaintiff wrote on his 1997 federal income tax return the following: "signed and submitted under duress," which writing did not delete, or alter, the jurat.

8.   With his 1997 federal income tax return, plaintiff submitted a Form W-2, from Vitamin Research Products showing that plaintiff earned $109,264.16 in wages, tips, and other compensation in 1997, and that withholding in the amount of $10,394.28 had been made in case Plaintiff incurred a federal income tax liability. The Form W-2 does not indicate whether the wages, tips, and other compensation were statutory, thus comprising gross income, or non-statutory.

9.   With his 1997 federal income tax return, plaintiff submitted a Form 1099-R, "Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRSAs, Insurance Contracts, Etc." The Form 1099-R does not indicate whether "Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRSAs, Insurance Contracts, Etc." were statutory, thus comprising gross income, or non-statutory.

10.   The Form 1099-R shows for the 1997 tax year plaintiff received a gross distribution of $37,236.00 and that $1,657.26 was withheld in case Plaintiff incurred a federal income tax liability.

11.   Plaintiff included with his 1997 federal income tax return a letter to the Department of

Treasury dated March 27, 1999, which argues that plaintiff was not required to file a return, that filing a federal income tax return violates the Fifth Amendment to the Constitution, that he received no taxable gross income in 1997, that he is claiming a refund of withheld funds, and that the IRS may not change the return.

12. On or about April 3, 2000, the Internal Revenue Service allegedly assessed a $500.00 frivolous filing penalty, pursuant to 26 U.S.C. § 6702, against the plaintiff. Certificate of Assessments and Payments.

13. On or about April 3, 2000, the Internal Revenue Service assessed Plaintiff's taxes for tax year 1997 as $0.00, an amount in agreement with Plaintiff's allegedly "frivolous" return.

14. No notice of the assessment of the frivolous filing penalty for the 1997 tax period or demand for payment was made by the IRS on a Form 17, the only form duly authorized as a notice and demand for payment by Treasury Decision 1995. Treasury Decision 1995 has not been rescinded, modified, or revoked.

15. On July 1, 2000, a Final Notice of Intent to Levy and Notice of Your Right to Hearing was issued to the plaintiff by the Internal Revenue Service. The Notice advised the plaintiff of the IRS' intent to levy upon, or possibly file a lien against, his property and rights to property.

16. On 6 July, 2000, Plaintiff requested a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330. Exhibit 7, Request for Collection Due Process Hearing.

17. On August 29, 2001, pursuant to 26 U.S.C. § 6330, as part of the Collection Due Process Hearing, a meeting between Appeals Officer Daniel Shirah and the plaintiff was held with respect to the IRS' intent to levy upon the property and rights to property of the plaintiff with respect to the assessed frivolous filing penalty for the tax year 1997.

18. During the Collection Due Process Hearing, the plaintiff challenged the validity of the assessment of the frivolous filing penalty for the tax year 1997.

19. During the Collection Due Process Hearing, the plaintiff suggested a collection alternative by offering, with pen and checkbook in hand, to pay any tax and penalty if the Appeals Officer could identify any statute which made Plaintiff liable for the tax.

20. In considering the validity of the frivolous filing penalty, Appeals Officer Shirah considered the Certificates of Assessments and Payments, plaintiff's 1997 federal income tax return, and transcripts of plaintiff's account. Appeals Officer Shirah did not review any documents which stated the basis of the determination, or the reason for the finding by the individual who made the determination, thus failing to obtain verification from the Secretary that the determination was procedurally correct.

21. Appeals Officer Shirah was unable to verify whether the determination had been arrived at in a procedurally and factually correct manner.

22. In reaching his determination, Appeals Officer Shirah considered all matters set forth in the Notice of Determination and attachments thereto, which did not include any documentation from the individual who made the initial determination that Plaintiff's return was frivolous. Appeals Officer Shirah himself questioned the validity of the determination in light of the assessment of $0.00 in taxes for Plaintiff. See Officer Shirah's notes [Exhibit A].

23. On October 10, 2001, Appeals Officer Shirah issued a Notice of Determination to the plaintiff erroneously concluding that collection by levy of the frivolous filing penalty assessed against plaintiff is appropriate, that the Internal Revenue Service had satisfied all legal and procedural requirements, that there were no spousal defenses relevant to the issue, that there were no collection alternatives to be considered, and that the frivolous filing penalty was correct.

Respectfully submitted,

_____
Ward Dean, M.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true copy of the foregoing was sent by United States mail this 28th day of May, 2002 to:   Wendy Vann, Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 14198, Ben Franklin Station, Washington, D.C.  20044

_____
Ward Dean, MD

1795/CID

① Copy of Notice of Assessment.

TC 240   04032000   $500   Penalty Code 66

DLN # 07254-454-52035-0

→ !! ② TXMODA shows no assessment other than the $500 frivolous penalty. If no tax is due, can the frivolous penalty be imposed?

③ History: "1997 and 1998 returns are being reviewed by Exam per CC Anders."

Frivolous Return Penalty IRC § 6702

IRC § 6702

"(a) Civil Penalty. — If —
(1) any individual files what purports to be a return of the tax imposed by subtitle A but which —
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
(2) the conduct referred to in paragraph (1) is due to —
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay

Exhibit A