IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARD DEAN,

    Plaintiff,

v.                                                                               Case No. 3:01-cv-430/LAC

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

Pending before the Court is Defendant UNITED STATES OF AMERICA's Motion for Summary Judgment and documents in support thereof (Docs. 12, 13). Plaintiff WARD DEAN filed a memorandum and evidentiary materials in opposition[1] (Docs. 17, 18). The Court has taken summary judgment under advisement (Doc. 14) and is now prepared to rule on Defendant's motion. For the reasons stated below, the motion for summary judgment is **GRANTED**, and Plaintiff's request for a *sua sponte* grant of summary judgment in

---

[1] As to Plaintiff's Statement of Material Facts (Doc. 18), Plaintiff has failed to comply with Local Rule 56.1(A). Plaintiff did not reference any supporting material (such as affidavits, admissions, etc.) "or other detail sufficient to permit the court to readily locate and check the source." Loc. R. 56.1(A) (1999). In light of Plaintiff's *pro se* status, Plaintiff's Statement of Material Facts will be admitted under Local Rule 56.1(A), since Plaintiff's Statement is practically identical to Defendant's Statement of Material Facts (which is supported by appropriate references). However, admitting or denying Plaintiff's Statement will not affect the Court's determination of the current motion, because summary judgment for the Defendant is warranted either way.

Plaintiff's favor (Doc. 17, p. 7) is **DENIED**.

## I. STATEMENT OF THE CASE

### A. Background

For the purposes of ruling on Defendant's Motion for Summary Judgment (Doc. 12), the following facts are either undisputed or viewed in the light most favorable to the Plaintiff.[2] On or about April 20, 1999, Plaintiff filed a 1997 federal income tax return, Form 1040EZ (Docs. 13, ¶ 1; 18, ¶ 1). On that return, Plaintiff stated that: (1) the total amount of wages, salaries, and tips comprising the gross income that he received for the 1997 tax year was $0.00; (2) the adjusted gross income was $0.00; (3) his taxable income for the 1997 tax year was $0.00; and (4) the amount of tax owed by him for the 1997 tax year was $0.00 (Docs. 13, ¶¶ 2-5; 18, ¶ 2-5). Plaintiff then signed the tax return, under penalty of perjury, declaring that the return was true and correct (Docs. 13, ¶ 6; 18, ¶ 6). Beneath the signature line, Plaintiff wrote "signed and submitted under duress" (Docs. 13, ¶ 7; 18, ¶ 7).

Along with the tax return, Plaintiff submitted a couple of IRS forms and a typed letter. Plaintiff's Form W-2 showed that Plaintiff had earned $109,264.16 in wages, tips, and other compensation in 1997 with $10,394.28 in federal withholdings (Docs. 13, ¶ 8; 18, ¶ 8). Plaintiff's Form 1099-R, entitled "Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRSAs, Insurance Contracts, Etc.," shows that Plaintiff had received

---

[2] Some of the facts are construed according to Local Rule 56.1(A). Where the Court cites to the Defendant's statement of facts (Doc. 13, ¶ X), Plaintiff has failed to controvert that specific fact, and it is therefore deemed admitted for the limited purpose of ruling on Defendant's motion for summary judgment.

(for the 1997 taxable year) a gross distribution of $37,236.00 with $1,657.26 in federal income tax withheld (Docs. 13, ¶¶ 9-10; 18, ¶¶ 9-10). In addition to the two forms, Plaintiff also submitted a letter (dated March 27, 1999) to the Department of Treasury. Plaintiff's letter argued that: (1) Plaintiff was not required to file an income tax return, (2) filing an income tax return violated his Fifth Amendment rights, (3) he was claiming a refund of withheld funds, and (4) the IRS may not change his return (Docs. 13, ¶ 11; 18, ¶ 11).

On April 3, 2000, the Internal Revenue Service ("IRS") assessed a $500.00 frivolous filing penalty against Plaintiff, pursuant to 26 U.S.C. § 6702 (Docs. 13, ¶ 12; 18, ¶ 12). There is an issue of whether or not Plaintiff received proper notice of this assessment under the Tax Code. Defendant maintains that notice of the assessment of the frivolous filing penalty and demand for payment was made by the IRS on April 3, 2000 (Doc. 13, ¶ 13). Plaintiff argues that the IRS did not make notice of the assessment or demand by using Form 17 (which plaintiff claims is the only form duly authorized as a notice and demand for payment) (Doc. 18, ¶ 13).

On July 1, 2000, the IRS issued to Plaintiff a Final Notice of Intent to Levy and Notice of Your Right to Hearing, and this "Final Notice" advised the Plaintiff of the IRS's intent to levy upon (or file a lien against) Plaintiff's property and rights to property (Docs. 13, ¶ 14; 18, ¶ 15). Five days later, Plaintiff requested a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330 (Docs. 13, ¶ 15; 18, ¶ 16). On August 29, 2001, as part of the Collection Due Process Hearing, the IRS provided Plaintiff a conference with an Appeals

Officer (Daniel Shirah) (Docs. 13, ¶ 16-17; 18, ¶ 17). During the Collection Due Process Hearing, Plaintiff challenged the validity of the assessment of the frivolous penalty for the 1997 tax year (Docs. 13, ¶ 17; 18, ¶ 18). Plaintiff presented no concerns that the collection action (*i.e.*, levy) was more intrusive than necessary (Doc. 13, ¶ 19).

When considering the validity of the frivolous filing penalty, Mr. Shirah considered the following: (1) Certificates of Assessment and Payments, (2) Plaintiff's 1997 federal income tax return, (3) and transcripts of Plaintiff's accounts (Docs. 13, ¶ 20; 18, ¶ 20).[3] In reaching his determination, Mr. Shirah considered all matters set forth in the Notice of Determination and attachment thereto (Docs. 13, ¶ 21; 13, Ex. 6, ¶ 13; 18, ¶ 22).[4] On October 10, 2001, Mr. Shirah issued the Notice of Determination to Plaintiff concluding that: (1) collection by levy of the frivolous filing penalty was appropriate, (2) the IRS had satisfied all legal and procedural requirements, (3) there were no spousal defenses relevant to the issue, (4) there were no collection alternatives to be considered, and (5) the frivolous filing penalty was correct (Docs. 13, ¶ 22; 18, ¶ 23).

---

[3] In addition, Plaintiff argues that "Appeals Officer Shirah did not review any documents which stated the basis of the determination, or the reason for the finding by the individual who made the determination, thus failing to obtain verification from the Secretary [of the Treasury] that the determination was procedurally correct" (Doc. 18, ¶¶ 20-21).

[4] Plaintiff also argues that "the Notice of Determination and attachments thereto...did not include any documentation from the individual who made the initial determination that Plaintiff's return was frivolous" (Doc. 18, ¶ 22). Furthermore, Plaintiff (citing Mr. Shirah's notes) claims that "Appeals Officer Shirah himself questioned the validity of the determination in light of the assessment of $0.00 in taxes for Plaintiff (Doc. 18, ¶ 22).

### B. *Procedural History*

On July 1, 2000, a Final Notice of Intent to Levy and Notice of Your Right to Hearing was issued to Plaintiff by the IRS, and then on August 29, 2001, Plaintiff met with Appeals Officer Shirah as part of the Collection Due Process Hearing that was requested by Plaintiff (Docs. 13, ¶ 14-16 ; 18, ¶ 15-17). On October 10, 2001, Mr. Shirah upheld the assessment of the penalty and determined collection by levy to be appropriate (Docs. 13, ¶ 22; 18, ¶ 23). On November 8, 2001, Plaintiff (who is *pro se*) then filed the current appeal for judicial review of Mr. Shirah's determinations in this case (Doc. 1, ¶ 1). On May 9, 2002, after the expiration of discovery, Defendant filed the current Motion for Summary Judgment (Doc. 12) and Statement of Material Facts (Doc. 13). Then on May 28, 2002, Plaintiff filed Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment (Doc. 17) and a Statement of Material Facts (Doc. 18).

## II. MOTION FOR SUMMARY JUDGMENT

### A. *Standard*

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.* at 248, 106 S. Ct. at 2510.

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249, 106 S. Ct. at 2510–11. A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *See Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511. A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a material issue of genuine fact that precludes summary judgment. *See Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## B. Discussion

For the reasons stated below, Defendant has satisfied its burden of demonstrating to the Court that there is an absence of a genuine issue of material fact in the current case. Once that burden is satisfied, Plaintiff then has the burden to show that there is a genuine issue of material fact necessary for trial. Plaintiff has not come forward with any genuine issues of material fact that would necessitate a trial on the merits. Therefore, the Court will dispose of this case based upon relevant law.

### 1.   Statutory Scheme

Title 26, United States Code, Section 6331(a) provides, in relevant part: "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax...by levy upon all property and rights to property...belonging to such person..." 26 U.S.C. § 6331(a) (2002).[5] The IRS must provide taxpayers with notice of an intent to levy and the availability of administrative appeals. See 26 U.S.C. § 6331(d) (2002). A levy "may not be made on any property or right to property of any person unless the Secretary [of the Treasury] has notified such person in writing of their right to a hearing...before such levy is made." 26 U.S.C. § 6330(a) (2002). The hearing referred to in § 6330(a) is called a Collection Due Process Hearing. The Hearing does not have to be an in person meeting between an Appeals Officer and a

---

[5] The frivolous filing penalty (pursuant to 26 U.S.C. § 6702) at issue in the present case is a tax, even though it is called a "penalty." See 26 U.S.C. §§ 6671, 6702 (2002).

taxpayer (but it can be). *See* Treas. Reg. § 301.6330-1(d)(2) Q&A-D6 (2002). It can consist of any written correspondence between the parties regarding the substantive issues. *See id.*

At the Collection Due Process Hearing, an IRS Appeals Officer must verify that any and all requirements of the applicable law or the administrative procedures have been met. *See* 26 U.S.C. § 6330(c)(1) (2002). The taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including[:] (i) appropriate spousal defenses; (ii) challenges to the appropriateness of the collection actions; and (iii) offers of collection alternatives...." 26 U.S.C. § 6330(c)(2)(A) (2002). In addition, the taxpayer "may also raise...challenges to the existence or the amount of the underlying tax liability for any period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B) (2002). If the taxpayer does not agree with the Appeals Officer's written determination, the taxpayer can appeal the determination to the Tax Court or to a United States District Court (if the Tax Court does not have jurisdiction over the underlying tax liability). *See* 26 U.S.C. § 6330(d)(1) (2002).[6]

### 2.  Standard of Review on Appeal

For appeals from Collection Due Process Hearing determinations, the Court reviews

---

[6] The Tax Court has jurisdiction to redetermine the amount of some tax deficiencies. *See* 26 U.S.C. § 6214(a) (2002). Deficiency procedures do not apply to frivolous filing penalties. *See* 26 U.S.C. § 6703(b) (2002). Therefore, since Plaintiff is appealing a determination involving a frivolous filing penalty, Plaintiff was required to bring his appeal before this Court.

the validity of the tax assessments *de novo*. *See Konkel v. Commissioner*, 2000 WL 1819417, 3 (M.D. Fla. 2000) (citing *Davis v. Commissioner*, 115 T.C.35, 39 (2000)); *See also* H.R. Rep. No 599 (1998). "When the underlying tax liability is not in issue, the court reviews the decision of an appeals officer using an abuse of discretion standard of review." *See Konkel v. Commissioner*, 2000 WL 1819417, 3 (M.D. Fla. 2000) (citing *Davis v. Commissioner*, 115 T.C.35, 39 (2000)); *See also* H.R. Rep. No 599 (1998). As a result, the validity of the frivolous assessment against Plaintiff is reviewed *de novo*, while the determination that collection by levy was appropriate is reviewed under an abuse of discretion standard. Judicial review is limited to those issues properly raised during the Collection Due Process Hearing. *See* Treas. Reg. § 301.6330-1(f), Q-F5 (2002).[7]

3. **Validity of Assessment**

Title 26, United States Code, Section 6702 provides, in relevant part:

> **(a) Civil penalty.**-If-
>     **(1)** any individual files what purports to be a return of the tax imposed by subtitle A but which-
>
>         **(A)** does not contain information on which the substantial

---

[7] Plaintiff argues that the Court should follow "generally accepted standards for review of agency actions," or in other words, the "arbitrary and capricious" standard of review under the Administrative Procedure Act (Doc. 17, p. 6). Such argument is without merit. Not only have the proper standards been determined in prior case law, but, in the House of Representatives Conference Report on § 6330, Congress *explicitly* intended the standards of review that the Court has described above apply when reviewing Collection Due Process Hearings. *See Konkel v. Commissioner*, 2000 WL 1819417, 3 (M.D. Fla. 2000); *Davis v. Commissioner*, 115 T.C. 35, 39 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181-182 (2000); H.R. Rep. No. 599 (1988). Assuming *arguendo* that the standard of review were arbitrary and capricious, the Defendant would still prevail.

> correctness of the self-assessment may be judged, or
> **(B) contains information that on its face indicates that the self-assessment is substantially incorrect**; and
>
> **(2)** the conduct referred to in paragraph (1) is due to—
> **(A)** a **position which is frivolous**, or
> **(B)** a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
>
> then such individual shall pay a penalty of $500.

26 U.S.C. § 6702(a) (2002) (emphasis added).

Under 26 U.S.C. § 6703, the burden of proving that a taxpayer is liable for a frivolous filing penalty shall be on the Secretary of the Treasury (*i.e.*, the United States). *See* 26 U.S.C. § 6703(a) (2002). In the present case, Defendant has met its burden of proof. While Plaintiff's Form W-2 and Form 1099-R indicated taxable income of roughly $146,500 (for the 1997 tax year), Plaintiff did not include any of this income on Plaintiff's Form 1040EZ. Thus, Plaintiff's self-assessment of $0.00 gross and taxable income was obviously incorrect.

Furthermore, the incorrect information was due to Plaintiff's frivolous justifications. First, Plaintiff claimed that the Internal Revenue Code did not require him to submit an income tax return (Doc. 13, Ex. 4). Plaintiff's argument is without merit. "The...obligation to file [a] federal income tax returns is governed by the requirements of [26 U.S.C. § 6012 of] the Internal Revenue Code." *In re Bradford*, 1994 WL 680987, 2 (E.D. Va. 1994) (citing 26 U.S.C. § 6012)). Thus, the Internal Revenue Code itself explicitly states who is required to file an income tax return, and the Plaintiff so qualifies as a person required to

make returns of income under 26 U.S.C. § 6012.

Second, Plaintiff argued that he should not have to file a tax return because doing so would violate his Fifth Amendment right against self-incrimination (*Id.*). The Court rejects Plaintiff's claim that the Fifth Amendment entitles him to refuse to file adequate returns. Plaintiff has "not demonstrated any 'real danger' of self-incrimination, nor is such danger readily apparent." *Davis v. U.S. Government*, 742 F. 2d 171, 172 (5th Cir. 1984) (citing *Steinbrecher v. CIR*, 712 F. 2d 195 197-98 (5th Cir. 1983)); *See also Ricket v. United States*, 773 F. 2d 1214, 1215 (11th Cir. 1985); *Turner v. Secretary of the Treasury and United States of America*, 1984 WL 3077, 6 (S.D. Ind. 1984).

Third, at the hearing, Plaintiff argued that the IRS did not provide him adequate notice and demand for a § 6702 penalty (Doc. 1, Attach., p. 21-22). Plaintiff maintained that § 6331 requires that a notice of deficiency be made before assessment, and since the IRS had not so notified Plaintiff prior to the assessment in this case, Plaintiff argued that the assessment was contrary to the law (*Id.*). Under 26 U.S.C. § 6703, deficiency procedures (such as those in § 6331) do not apply with respect to the assessment or the collection of penalties provided by § 6702. *See* 26 U.S.C. § 6703(b) (2002); *See Turner v. Secretary of the Treasury and United States of America*, 1984 WL 3077, 4 (S.D. Ind. 1984).[8] For a §

---

[8] This Court would like to address a comment made by Plaintiff during the Collection Due Process Hearing. Mr. Shirah attempted to explain to Plaintiff that *Turner* and § 6703 specifically give the IRS the ability to assess the frivolous filing penalty without prior notification (Doc 1., Attach., p.21). In response, Plaintiff said: "Well, Code Section 6001 says that I have to comply with rules and regulations, it does not say anything about me having to comply with court cases" (Doc.

6702 penalty, the IRS does not have to provide a statutory notice of deficiency prior to assessment of the penalty.

Fourth, Plaintiff argues that Mr. Shirah must obtain verification from the Secretary of the Treasury that any applicable laws or administrative procedures have been met in regards to the assessment of the penalty in the current case (Doc. 1, Attach., pp. 26-30). Basically, Plaintiff argued that, since Mr. Shirah did not have a separate verification form issued by the Secretary personally, the assessed penalty is not valid. "Literal transcripts" (such as TXMODA and Forms 4340 used by Mr. Shirah) are a valid verification that the requirements of any applicable law or administrative procedure have been met. *See Standifird v. Commissioner of Internal Revenue*, 2002 WL 31151194, T.C. Memo. 2002-245 (U.S. Tax Ct. 2002).[9]

---

1, Attach., p. 22). Plaintiff then said: "Your own regulation here, 601-106F says that the appeals representative shall hue to the law, it doesn't say that you shall hue to court cases, it says you shall hue to the law" (Doc. 1, Attach., p. 23). Later in the hearing, Mr. Shirah tried again to explain to Plaintiff that, regardless of *Turner*, § 6702 still gave the IRS the authority to assess the penalty against Plaintiff (Doc. 1, Attach., p. 46). Plaintiff responded: "But I'm supposed to comply with regulations" (Doc. 1, Attach., p. 46).
    First of all, court cases are law, too. Second, legislators write statutory laws, which are later interpreted by the courts when those statutes are challenged. That interpretation is then used by citizens and government officials to conform their conduct accordingly (and by other courts in subsequent cases). Third, regulations are agency interpretations of statutory laws, and those regulations are subject to judicial review as well. [So in reality, Plaintiff needs to be more concerned about complying with statutory and case law rather than looking for an agency regulation to follow]. As a result, Plaintiff's arguments (quoted above) are without merit.

    [9] Plaintiff argues that use of a transcript during a collection due process hearing in invalid (*i.e.*, inadmissible without proper foundation) (Doc. 17, p. 6). In support of this proposition, Plaintiff cites two cases, *Huff v. United States* and *United States v. Buford*. In *Huff*, the Court stated that the IRS could not rely solely on Forms 4340 in order to prove that the tax at issue in that case was valid.

Plaintiff's arguments against the validity of the assessment are without merit. Defendant has satisfied its burden of proof as to the Plaintiff's violation of § 6702. As a result, the assessment of the $500.00 frivolous filing penalty against Plaintiff with respect to the 1997 tax year was valid.

### 4. Collection Due Process Hearing Determination

Title 26, United States Code, Section 6330 provides, in relevant part:

> (c) **Matters considered at hearing.**--In the case of any hearing conducted under this section--
>
> > **(1) Requirement of investigation.**--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
> >
> > **(2) Issues at hearing.**--
> >
> > > **(A) In general.**--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
> > > (i) appropriate spousal defenses;
> > > (ii) challenges to the appropriateness of collection actions; and
> > > (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

---

*See Huff v. United States*, 10 F. 3d 1440, 1446 (9th Cir. 1993). In the present case, Mr. Shirah relied on more than just a Form 4340; Mr. Shirah also relied on transcripts and the actual 1997 income tax return in question. In *Buford*, the issue involved was whether or not an Individual Master File (also called an IMF) was discoverable by the taxpayer and whether the trial court had committed error by not conducting an *in camera* inspection of the IMF. *See United States v. Buford*, 889 F. 2d 1406,1408 (5th Cir. 1989). *Buford* in no way stands for Plaintiff's asserted proposition.

> **(B) Underlying liability.**--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.
>
> **(3) Basis for the determination.**--The determination by an appeals officer under this subsection shall take into consideration--
>
>> **(A)** the verification presented under paragraph (1);
>> **(B)** the issues raised under paragraph (2); and
>> **(C)** whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.
>
> **(4) Certain issues precluded.**--An issue may not be raised at the hearing if--
>
>> **(A)** the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and
>> **(B)** the person seeking to raise the issue participated meaningfully in such hearing or proceeding.
>
> This paragraph shall not apply to any issue with respect to which subsection (d)(2)(B) applies.

Thus, there are certain issues that an IRS Appeals Officer must consider when making his/her determination.

During Plaintiff's Collection Due Process Hearing, Mr. Shirah complied with the

above provision of the Tax Code when making his determination that a levy was appropriate to collect Plaintiff's frivolous filing penalty. The validity of the underlying tax (*i.e.*, the penalty) was verified through a review of the tax return, transcripts, and a Certificate of Assessment and Payment. Said Certificate demonstrated that: (1) there was an assessment, (2) post-assessment notice to the taxpayer, and (3) Plaintiff failed to pay the outstanding tax (*i.e.*, penalty). In addition, Mr. Shirah verified that notice and demand for payment was made on April 3, 2000.[10]

At the hearing, Plaintiff attempted to challenge the validity of the underlying tax by making meritless arguments about the applicability of the law to his case. Plaintiff did not assert a spousal defense nor did Plaintiff offer a realistic collection alternative. Plaintiff offered, with checkbook in-hand, to pay the $500.00 penalty to Mr. Shirah if Mr. Shirah would identify any Code section that made Plaintiff liable for the tax (Doc. 1, Attach., p. 41). Mr. Shirah attempted to explain § 6702 and relevant case law to Plaintiff, but Plaintiff would not accept the validity of Mr. Shirah's statements (which were accurate) (*Id.* at p. 43). Such an attempt by Plaintiff was not a realistic collection alternative, because, based on Plaintiff's position on the law as well as his demeanor, Plaintiff would not have accepted anything that Mr. Shirah had to say (unless of course Mr. Shirah had agreed with Plaintiff's position).

In addition, Mr. Shirah balanced the efficient collection of the tax against the

---

[10] Such post-assessment notice was made pursuant to 26 U.S.C. § 6303(a) within the required 60 days after assessment.

intrusiveness of a collection action against Plaintiff. Based on the facts and circumstances of the case, Mr. Shirah weighed the interests involved and concluded that levy was necessary in order for the IRS to collect the outstanding tax. Thus, at conclusion of the hearing, the penalty had been assessed, the IRS had made notice and demand, Plaintiff had raised no meritorious arguments, and Plaintiff had not paid the tax. Therefore, Mr. Shirah made a proper determination that the IRS had complied with all applicable laws and procedures, and Mr. Shirah's decision as to the appropriateness of the levy was not an abuse of discretion (based on the facts and circumstances of this case).

Defendant has satisfied its burden of demonstrating to the Court that there is an absence of a genuine issue of material fact in the current case. Plaintiff has not come forward with any genuine issues of material fact that would necessitate a trial on the merits. After considering the relevant, applicable law, Defendant's Motion for Summary Judgment (Doc. 12) is hereby **GRANTED**, and Plaintiff's request for a *sua sponte* grant of summary judgment in Plaintiff's favor (Doc. 17, p. 7) is hereby **DENIED**.

## III. SUMMARY

The Court's ruling in this matter may be summarized as follows, and IT IS HEREBY ORDERED:

1. Defendant's Motion for Summary Judgment (Doc. 12) is hereby **GRANTED**.

2. Plaintiff's request for a *sua sponte* grant of summary judgment in favor of the Plaintiff (Doc. 17, p. 7) is hereby **DENIED**.

3. Consistent with this order, the Clerk of Court is directed to enter summary judgment in favor of Defendant. Plaintiff shall take nothing by this action and goes without day.

**ORDERED** on this 23rd day of October 2002.

*Lacey A. Collier*
Lacey A. Collier
United States District Judge